**RAMBO et al. v. UNITED STATES.**

**No. 9361.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1941.

George C. Spence, of Atlanta, Ga., for appellants.

Francis Hoague, Atty., Dept. of Justice, and Norman M. Littell, Asst. Atty. Gen., both of Washington, D. C., Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga., and Erwin Sibley, Sp. Atty., Dept. of Justice, of Milledgeville, Ga., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

Suit was originally brought by the United States to condemn eight parcels of land in Cobb County, Georgia, for a National Memorial Military Park under the provisions of Sec. 2 of the Act of June 26, 1935, c. 315, 49 Stat. 423, 16 U.S.C.A. § 430u. The petition of the government named as defendants Kennesaw Mountain Battlefield Association, a corporation whose charter had been forfeited for nonpayment of taxes; the receivers of the corporation appointed by the Superior Court of Cobb County, Georgia; the former president of the corporation, certain named bondholders, the trustee for all bondholders, and many other persons. The court ordered that a copy of the petition be served upon the defendants and that notice of the proceeding be published in the Marietta Journal, a newspaper published in Cobb County, Georgia. After a trial before a jury, judgment for $16,000 was entered as an award of just compensation for the lands condemned. On appeal this court affirmed the judgment of the District Court, United States v. Kennesaw Mountain Battlefield Ass'n, 5 Cir., 99 F.2d 830, and the Supreme Court denied certiorari, 306 U.S. 646, 59 S.Ct. 587, 83 L.Ed. 1045.

After the mandate went down the $16,000 award was paid into the registry of the court, and on May 19, 1939, final judgment was entered vesting title to the property in the United States. After the money had been paid into court, but before it had been distributed, these appellants sought to come into the case by intervention. They claimed to own the fee-simple title to the property and sought to have the judgment and orders of the court set aside and to obtain a trial de novo to determine the value of the condemned lands. After a hearing the court declined to permit the intervention and dismissed the petition "on the grounds that it sets out no cause of action in law or equity, for relief sought".

The appellants claim that they were the true owners of the fee-simple title to the lands because they had been stockholders and bondholders of Kennesaw Mountain Battlefield Association; that the corporation's charter had been forfeited and that they, as stockholders, became the owners of the assets of the corporation; that as bondholders they had acquired fee-simple title to the lands under what they term to be a decree of "strict foreclosure" in the state court; that they were never served with process or notice and were not represented in the proceedings; and that, therefore, the judgment condemning the property should be set aside.

In seeking to intervene the appellants do not allege or contend that they did not have knowledge of the condemnation proceedings when the government brought suit to condemn the land on May 26, 1936, and when it was seeking out the owners of the property. Although two of the interveners gave their addresses as Marietta, Georgia, where notice of the proceedings was published; and although they appear to be

closely identified with the former president of the corporation, who appeared and took an active part in the proceedings, it appears that they sat by during the trial and waited until two appeals had been taken and judgment had been entered, and the award paid into court before they sought to assert their alleged rights. Petition for intervention was not filed until June, 1939.

We do not decide, but we are impressed with the argument that the interveners here were fully and fairly represented in the original suit filed by the government to condemn the lands in question. The state court receivers, who represented the Kennesaw Mountain Battlefield Association corporation, its stockholders, and its creditors, by direction of the court of their appointment, participated in the condemnation case and there sought by every fair means to inform the court and jury of the value of the property. The receivers presented the same evidence then that the interveners suggest now as to the valuation of the lands. Furthermore, the interveners were represented in the proceedings by the trustee for the bondholders, who held a deed of trust to the lands, and who was the party named in the state court decree which is now relied upon by the appellants as a decree of "strict foreclosure". Not only were they represented but every right they claim and the relief they now seek was then litigated. They would relitigate issues which have already been settled. If, as they contend, the fee-simple title to the lands was in them, they may come in and share in the condemnation award which has been paid into the registry of the court and which now stands in the place of the lands. Cf. Cobo v. United States, 6 Cir., 94 F.2d 351; Coggleshall v. United States, 4 Cir., 95 F.2d 986; Credits Commutation Co. v. United States, 8 Cir., 91 F. 570; Id., 177 U.S. 311, 20 S.Ct. 636, 44 L.Ed. 782.

We do not pass upon the merits. We prefer to rest decision upon the proposition that the order denying appellants the right to intervene and dismissing their petition was within the sound discretion of the trial court. If we assume, as appellants contend, that they were the owners of the land and not represented in the suit, they have not been deprived of any rights they possess for the judgment in the condemnation case would not be binding as to them. Credits Commutation Co. v. United States, 177 U.S. 311, 20 S.Ct. 636, 44 L.Ed. 782; Lupfer v. Carlton, 5 Cir., 64 F.2d 272;

Burrow v. Citizen's State Bank, 5 Cir., 74 F.2d 929; Stallings v. Conn, 5 Cir., 74 F.2d 189.

The order denying and dismissing the petition to intervene is affirmed.