Carroll P. **KENNISON**

v.

**MISSOURI PACIFIC RAILROAD COMPANY.**

Civ. A. No. 9600.

United States District Court
W. D. Louisiana,
Opelousas Division.

May 20, 1965.

Franklin & Keogh, Joseph F. Keogh, Baton Rouge, La., for plaintiff.

Dubuisson & Dubuisson, James G. Dubuisson, Opelousas, La., for defendant.

PUTNAM, District Judge.

### FINDINGS OF FACT

1.

The accident giving rise to this claim for damages occurred at approximately twelve o'clock noon when the automobile that plaintiff was driving on Railroad Avenue in Opelousas, Louisiana, in a southerly direction was struck by an eastbound train being operated by employees of the defendant railroad company.

2.

The weather was clear and visibility was good.

3.

The railroad tracks were elevated above the abutting terrain.

**4.**

There were no trees, shrubs or other obstructions on the western edge of Railroad Avenue to interfere with the view to the right of a southbound motorist nor were there any such obstructions on the northern right of way of the defendant railroad company for at least two hundred feet west of Railroad Avenue.

**5.**

The nearest obstruction to one's view diagonally across the premises lying in the northwest quadrant of the intersection was a garage located one hundred and ten (110) feet west of Railroad Avenue and 25 feet north of the tracks of the defendant company.

**6.**

There was a warning sign located on the western edge of Railroad Avenue and north of the railroad tracks which consisted of an upright pole painted white with white crossed bars on one of which was painted in dark lettering the word "RAILROAD" and on the other of which the word "CROSSING" was similarly painted. Fastened to the pole just below the crossed bars were signal lights with red lens arranged in such a manner that two were in a horizontal line with one light to the west of the pole and the the other to the east. The remaining four lights were placed vertically along the pole just below the horizontal lights and on each vertical light was a letter of the alphabet causing the cluster of four lights to spell "STOP". On the sides of the frames of the horizontal lights were circular apertures, called in railroad parlance "TELL-TELLS", which permitted the engineer and fireman of the engine of the train to ascertain whether the signal lights were burning. The positive, as distinguished from the negative, testimony of the witnesses convinces the Court that the said signal lights were operating as plaintiff approached the crossing.

**7.**

Both the automobile and the train approached the intersection at a speed of approximately 15 miles per hour.

**8.**

The whistle of the train was blowing continually and its bell was ringing continuously as it approached the crossing.

**9.**

Just before reaching the crossing, plaintiff looked to his left, or the east, to wave at his brother who was standing in front of a building located on the premises lying in the northeast quadrant of the crossing.

**10.**

Plaintiff never did hear the sounding of the train's whistle or bell, did not see the lights of the warning sign burning, did not see the train until the moment of impact and did not stop his automobile before reaching defendant's tracks.

**11.**

The engineer of the defendant's train was seated on the right side of the cab and could not see vehicles approaching from the left but the fireman, who was on the left side of the cab, could, and did, see plaintiff's vehicle approaching the crossing but assumed it would stop before going upon the tracks. When the fireman realized that the car was not going to stop, he shouted a warning to the engineer, who immediately applied the emergency brake of the train.

**12.**

It was impossible for the train to avoid hitting the car after the fireman realized that plaintiff was not going to stop.

CONCLUSIONS OF LAW

**1.**

Negative testimony that a person did not hear a warning sound or see a warning signal will not prevail over positive and credible testimony that such a warning sign was given and that such a warning signal was displayed or

operating. Bordenave v. Texas and New Orleans R. Co., La.App., 46 So.2d 525; Hutchinson v. T. & N. O. R. Co., La.App., 33 So.2d 139; Heiman v. Pan American Life Insurance Co., 183 La. 1045, 165 So. 195.

**2.**

 Every motorist has a duty of using his senses of sight and hearing upon approaching a railway crossing, and whenever due use of either sense would have enabled the motorist to escape the danger of an approaching train, the occurrence of an accident is evidence of negligence without any reference to the railroad's failure to perform its duty. Matthews v. New Orleans Terminal Co., La.App., 45 So.2d 547; Bertrand v. Missouri Pacific Railroad Co., La.App., 160 So.2d 19.

**3.**

 The members of a train crew are not negligent in indulging in the assumption that a motorist approaching the track will bring his vehicle to a stop, and there is no negligence even when they persist in such reasonable belief until it is no longer in their power to avoid the accident. Parks v. Texas Pacific-Missouri Pacific Terminal Railroad of New Orleans, La.App., 152 So.2d 845; Hymel v. Texas and New Orleans Railroad Co., La.App., 145 So.2d 138; Hanks v. Arkansas & Louisiana Missouri Ry. Co., La.App., 62 So.2d 139.

**4.**

 The last clear chance doctrine is not available to a motorist involved in a collision with a train when it is clear that after the locomotive had reached a point so near to the crossing that it could not be stopped, there yet remained time for the motorist to stop his automobile had he been aware of the danger, as here he could and should have been, bcause the last clear chance to avoid the accident rested not with the train crew but with the motorist. Matthews v. New Orleans Terminal Co., supra; Levy v. New Orleans & Northeastern R. Co., La. App., 20 So.2d 559.

## JURISDICTION

 In addition to the foregoing findings and conclusions, which definitely dispose of plaintiff's case under the jurisprudence of Louisiana, the Court further finds that plaintiff's injuries would not justify an award even approaching the jurisdictional amount of $10,000.00, required by 28 U.S.C.A. § 1332(a).

Because of the slow speed at which the train was proceeding, plaintiff's automobile was picked up and carried on the front of the train a distance of about 800 feet. His brother, hearing the crash, drove around two blocks to the intersection nearest the place where the vehicle, with complainant still inside, had come to rest. Plaintiff got out of the automobile and walked approximately 300 feet to the rear entrance of a local hospital located at the scene. He suffered bruises, abrasions and some lacerations, particularly to one of his ears, was in the hospital approximately one week, and had an uneventful recovery.

A most charitable award for the injuries suffered by plaintiff, including loss of the automobile in question, would be a total recovery of $2500.00.

Under such circumstances the Court would have the duty of dismissing the action before it, sua sponte. See: McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Fleming v. United States Fidelity & Guaranty Co., 146 F.2d 128 (5 Cir. 1944); Sansone v. Ocean Accident & Guarantee Corp., 228 F.Supp. 554 (E.D. La.1964); Gordon et al. v. Daigle, et al., 230 F.Supp. 819 (W.D.La.1964).

The jurisdictional question was not raised in advance of trial, and did not become apparent until the close of plaintiff's evidence. That the claim was colorable is now established to a legal certainty, but, in our opinion, the trial held on the assumption that it was made in

good faith is now conclusive on all other issues in the case. Our judgment, will, therefore, be res adjudicata between these parties under the authorities cited above. Cf. Harris v. Illinois Central R. R. Co., 220 F.2d 734 (5 Cir. 1955); Sahuc v. United States Fidelity & Guaranty Co., 320 F.2d 18 (5 Cir. 1963). None of the elements of damage mentioned in these two cases is alleged here, nor did any such elements appear from the plaintiff's evidence.