SAVOY, Judge.
This case, and the companion case of Brignac, et ux v. Soileau, reported at 224 So.2d 75, arose out of an accident which occurred August 19, 1967, on Louisiana Highway No. 10 in Evangeline Parish, involving a 1953 Chevrolet automobile owned by Hersey Guillory, and being driven by his wife, Josephine Guillory, and a 1961 one-half ton pick-up truck owned and operated by Damon Soileau. Damon Soileau was driving the pick-up truck westerly along Highway 10 and collided with the Guillory automobile, which was making a left turn onto the highway from a private road on the north side of the highway. Seated in the right front seat of the truck was a passenger, Avie Fontenot.
Mr. and Mrs. Lee Brignac, plaintiffs in the companion case, were seated in the front seat of the car being driven by Mrs. Guillory. Seated in the rear seat of the car was her husband, Hersey Guillory, and her four children. In this case, Mrs. Guil-lory sued for damages in tort for personal injuries to herself and for personal injuries and damages received by her two minor children of a former marriage, Tommy Guillory and Lloyd Guillory. Mr. Guil-lory joined in the suit for damages incurred by the community. In the companion case, the Brignacs sued for personal injuries and damages arising out of the accident. Soileau and his liability insurer, Travelers Insurance Company, are named as defendants in both suits. Plaintiffs allege that the proximate cause of the accident was the negligence of Soileau in driving at an excessive rate of speed, in failing to maintain a proper lookout, in driving while under the influence of intoxicating beverages, in driving on the wrong side of the highway, in failing to keep his vehicle under reasonable control, in failing to take proper precautions to avoid the accident when he had ample opportunity to do so, and in generally operating his vehicle in a careless and reckless manner.
The defendants answered the petitions in both cases admitting the accident and insurance coverage but denying liability. It was alleged that the sole and proximate cause of the accident was the negligence of *73 Mrs. Josephine Guillory in failing to keep a proper lookout, in making an improper left turn when it was unsafe to do so onto Highway 10 from a private drive into the path of the oncoming truck, in failing to yield the right-of-way, in failing to observe the truck traveling within its proper lane at a proper rate of speed, in failing to keep her vehicle under proper control, and, generally, in failing to do what she should have done, and to see what she should have seen under the circumstances. It is alleged that these acts of negligence are imputed to her husband, Hersey Guillory. Alternatively, a plea of contributory negligence was asserted against the claims of Hersey Guil-lory and Josephine Guillory based on these acts of negligence. In the companion case, defendants allege in the alternative that Mr. and Mrs. Brignac were contributorily negligent in failing to warn Mrs. Guillory of the impending danger of making a left turn into the path of an oncoming vehicle. In the further alternative, defendants allege that plaintiffs have settled with the insurer of the Guillory car, and that any judgment rendered against defendants should be reduced by one-half.
The cases were consolidated for trial. At the beginning of the trial, the plaintiffs dismissed their claims as against Damon Soileau, reserving all rights against Travelers Insurance Company. After trial on the merits, the district court found that the sole and proximate cause of the accident was the negligence of Mrs. Josephine Guillory, and judgment was rendered in favor of defendant, Travelers Insurance Company, dismissing both suits. From these adverse judgments, plaintiffs have appealed to this Court.
The record shows that the accident occurred at approximately 4:10 P.M. on August 19, 1967, on Louisiana Highway 10 at its intersection with a private road located about 1.7 miles west of Louisiana Highway 13 in Evangeline Parish. The highway is paved with blacktop, with narrow gravel shoulders, and is straight and level in the area involved. The private road was a narrow dirt lane on the north side of Highway 10, which formed a “T” intersection with the highway. The fence along the highway was grown up in weeds. The speed limit on the highway is sixty miles per hour. There had been a light rain in the area, and the road was still damp at the time of the accident.
Soileau was driving his 1961 one-half ton truck in a westerly direction along Highway 10, and as he neared the “T” intersection, the Guillory automobile entered the highway from the north side in the process of making a left turn. Damon Soileau applied the brakes of the truck and skid into the car, striking it almost broadside. The front portion of the truck was damaged, and the damage to the car was to the middle portion of the left side, from the left door to the left fender. After the impact, the truck continued westerly a short distance stopping on the south side of the road. The car spun around after impact and came to rest a few feet south and east of the point of impact, heading in a northerly direction. The car partially blocked the highway, and its rear end was partly in the ditch on the south side of the highway. The skid marks from the truck began at a point about 150 feet from the point of impact within the westbound lane of traffic, and veered to the left to the point of impact in the middle of the highway. At that point the truck’s left front wheel was over the center line about two feet. Both vehicles were heavily damaged.
The state trooper who investigated the accident estimated that Soileau was driving about 60 miles per hour before he applied the brakes on the truck. This was also the speed which Soileau indicated he was going when his statement was taken. The trooper testified that he found skid marks left by the truck approximately 150 feet in length, and that the truck stopped about 40 feet west of the point of impact. He estimated that the car was moving at about 6 miles per hour at the point of impact. He found no evidence of drinking.
*74 At the trial Soileau testified it had been raining, and that the road was still wet at the time of the accident. He estimated he was driving about 40 miles per hour when he saw the car about eight or ten feet from the paved portion of the highway. He stated he blew his horn and applied his brakes at the same time, skidding about 100 to 125 feet before the collision. He estimated he was going about ten miles per hour at the point of impact, and that his truck stopped some 10 or 15 feet to the west.
Avie Fontenot, a passenger in the truck, testified that he first saw the car enter the highway when Soileau applied his brakes, that they skid approximately 100 feet to the point of impact, and then stopped some 15 to 20 feet beyond. He estimated the truck was going about 40 to 45 miles per hour when the brakes were applied, and it seemed to swerve to the left after the brakes were applied. He stated there was no obstruction as to visibility between drivers of the vehicles except high grass along the fence.
Mrs. Josephine Guillory testified she stopped the car about four feet off the highway and looked for but did not see any approaching vehicles. She then began her left turn at about five or six miles an hour, and was almost across the highway, but had not completed her turn, at the point of impact. She heard someone yell, but only caught a glimpse of the truck before the collision. Mr. Hersey Guillory was seated in the rear seat of the car talking with the children. He recalled that the car stopped before entering the highway, but he did not see the approaching truck and knew nothing until the moment of impact.
Mr. Lee Brignac was seated in the right front seat of the car. He testified Mrs. Guillory stopped at the cattle guard before entering the highway, and then began making a slow left turn. He saw the pick-up truck approaching at a speed of about 60 miles per hour and estimated that it was at least 300 feet away when the car entered the highway. He testified the truck came across the white line and struck the car as its rear wheels had just passed over the center line. It was his impression that the truck seemed to turn to the left in an effort to pass in front of the car. Mrs. Brignac was seated in the middle of the front seat of the car. She testified she saw the truck approaching and hollered “look out” but that it was too late.
Plaintiffs do not seriously contend that Mrs. Guillory was free from fault, but rather maintain that Soileau was guilty of negligence and had the last clear chance to avoid the accident and failed to do so. Defendant maintains that the district court was correct in holding that the sole and proximate cause of the accident was the negligence of Mrs. Guillory, and that Soil-eau was not negligent and did not have the last clear chance to avoid the accident.
After reviewing the record of this case, this Court agrees with the findings as made by the district court. Mrs. Guil-lory was certainly negligent in driving the car into the highway in the path of the oncoming truck. She pulled from a stopped position at a slow rate of speed across the highway as she made a left turn, and in so doing completely blocked off the highway. She had not seen the approach of the truck and was apparently in no hurry to complete the turn. She was negligent in failing to see the approaching truck and in failing to yield the right-of-way.
The record shows that Soileau was proceeding at a lawful rate of speed along the highway, that he was driving within the right lane of traffic, and had the truck under proper control. He saw the car as it approached the highway at a slow rate of speed, and when he realized the danger as the car moved onto the highway, he immediately applied his brakes in an effort to stop the truck. However, because of his close proximity to the intersection at the time, he was unable to stop. Since the car blocked off the highway he did all that he could have done by attempting to *75 stop and by reducing the speed of the truck as much as possible in order to avoid or minimize the impending accident.
Counsel for plaintiffs maintains that the length of the skid marks indicates that Soileau was speeding. However, this Court finds no evidence of an unlawful or unreasonable rate of speed. The trooper only estimated the length of the skid marks at 150 feet prior to the point of impact. Other estimates were 100 to 125 feet. The record does not indicate that any actual measurements were taken. Also, in establishing the speed of the truck, the trooper considered the length of the skid marks, the damages to the vehicles, and the other facts of the case in arriving at a speed of 60 miles per hour. By so doing, he obviously considered that the skid marks were consistent with the indicated speed of the truck.
Blashfield’s Cyclopedia of Automobile Law shows that a vehicle traveling 60 miles per hour requires 160 feet to stop, exclusive of reaction time and with excellent brakes. Also to be taken into consideration are the factors of the braking power of the vehicle and the condition of the road surface. In this case the roadway was damp and traction was less than ideal on the damp asphalt highway. We find that the truck’s speed of 60 miles per hour was consistent with the other findings of fact in this case.
This Court has examined the cases cited by plaintiffs and finds that none of them involve factual situations similar enough to the instant case to be controlling. No two accidents involve identical facts, and the decision in each case must rest on the particular facts and circumstances of that case. The findings of fact made by the trial court are entitled to great weight and should not be disturbed unless manifestly erroneous. In the instant case, the district court held that the doctrine of last clear chance was inapplicable, and that the sole and proximate cause of the accident was the negligence of Mrs. Guillory. We find no manifest error in these holdings.
For the reasons assigned the judgment of the district court is affirmed. All costs of appeal are assessed against plaintiffs.
Affirmed.