PRICE, Judge.
This is an action for damages brought by the wife of Harold Rip Sanders, who died as a result of injuries sustained in an automobile accident occurring in the early morning hours of October 15, 1967. Sanders was driving his Metropolitan two-door sedan northerly on the Wallace Dean Road in Ouachita Parish at around 6:00 A. M. on this date. His automobile developed motor trouble just south of the intersection of Butler Avenue. He pushed the car partially onto the east shoulder of the road, leaving between one and one-half to three feet on the blacktop surface. Sanders was sitting in the car attempting to start the motor when another automobile, driven by Thomas L. Avant, collided with the left rear of the Sanders car, causing it to skid sideways for approximately 44 feet and to roll over at least one time prior to stopping against a utility pole.
Sanders received injuries from this collision resulting in his death several days later. Suit was brought by his widow, Kandace Sanders, against National Surety Corporation, under the uninsured motorist provisions of its insurance policy covering the Metropolitan automobile of Mr. Sanders. It was stipulated at the trial that Thomas L. Avant had no liability insurance and that should the court find that plaintiff was entitled to recover, then she should have judgment for the policy limits of $5,000.00.
Plaintiff alleges in her petition that the accident was caused solely by the negligence of Avant in driving while under the influence of intoxicating beverages to such an extent that he did not have proper control of his vehicle, not maintaining a proper lookout, and traveling at an excessive speed.
Defendant, in answer to plaintiff’s petition, denied any negligence on the part of Avant and alleged that the accident was caused solely by the negligence of Sanders in parking his automobile partly in the road in violation of the Highway Regulatory Act, without lights, and failing to warn oncoming traffic of its presence in the highway. In the alternative defendant pled contributory negligence on the part of Sanders, based on these same alleged acts of negligence. A third party demand was filed by National Surety Corporation against Thomas L. Avant, requesting the court to grant it judgment against Avant for any sum it may be ordered to pay unto the plaintiff in the original action.
It was stipulated by defendant that a blood alcohol test revealed Avant to have .225 percent alcohol at the time of the accident, and that this is accepted by the medical profession as prima facie evidence *849 that he was under the influence of alcoholic beverages. We find the evidence to disclose the following operative facts:
At the time of the accident it was still dark, the weather was clear and the surface of the road was dry. The Wallace Dean Road is a two-lane parish road just outside the corporate limits of Monroe, and in the vicinity of the accident it is straight and level for some distance. The shoulder of the road is three feet in width with a ditch adjacent thereto. Skidmarks found at the scene indicated the Sanders vehicle was less than three feet onto the blacktop surface of the road. The Avant vehicle left 24 feet of skidmarks prior to striking the Sanders vehicle, which was a compact type painted red in color.
Although it was stipulated that he was under the influence of alcoholic beverages, Avant, when called on cross-examination, denied having had anything alcoholic to drink during the course of the preceding night. He testified that he had been to the Ouachita Valley Fair until midnight and then had visited at a night club until it closed at around 5 :00 o’clock that morning. He testified he was traveling 30 miles per hour and that it was foggy at the time of the accident. He did not know whether he applied his brakes or not. Avant testified he saw no lights on the other vehicle.
The investigating State Trooper testified that he had talked with Sanders at the hospital before he died and that Sanders told him he was sitting in the car, without lights, attempting to start the motor when he was struck.
The trooper also testified that he talked with Avant a few hours after the accident and was told that he saw a flash of light in the car ahead of him which appeared to be parked in the road. He then applied brakes but could not stop before striking the Sanders car.
After considering the foregoing evidence the trial judge concluded in his written reasons for judgment that Sanders was guilty of contributory negligence and rejected plaintiff’s demands. The finding of contributory negligence, according to the written reasons, was based on Sanders having parked his car, dull red in color, approximately three feet within the traveled portion of the road, without lights, before day.
From this adverse judgment plaintiff has appealed and makes the following assignment of errors to the trial court’s ruling:
(1). That the court erred in holding that Sanders was guilty of negligence which was a proximate cause of the accident.
(2). In failing to find that Avant was guilty of gross and wanton negligence by driving under the influence of alcoholic beverages to an extent that he had improper control over his mental and physical facilities which caused him to fail to see -what he should have seen in the road ahead of him.
(3). Alternatively, in failing to hold that Avant had the last clear chance to avoid the accident and failed to exercise same.
We do not deem it necessary to review the correctness vel non of the trial judge’s finding of contributory negligence on the part of Sanders.
It should be pointed out that the evidence was conflicting on the question of whether Sanders had the lights on his vehicle burning at the time or just prior to the collision. However, the trial judge made a finding of fact in this regard and we cannot say that his interpretation of the evidence on this question was manifestly erroneous.
Even conceding that Sanders did not have the lights on his vehicle on at the *850 time and was thus guilty of contributory negligence, we are of the opinion that the driver of the other vehicle had the last chance to have avoided this accident and failed to exercise same.
In the case of Price v. Watts, La.App., 215 So.2d 187 (3rd Cir., 1968), Judge Tate of the Third Circuit ably described the circumstances necessary for the application of the last clear chance doctrine in Louisiana as follows:
“The Louisiana last clear chance doctrine applies in circumstances such as the present. Under this doctrine, a defendant motorist is liable for injury to a plaintiff, despite any contributory negligence on the latter’s part, if an accident occurs when (1) the plaintiff was previously in a position of peril, of which he was either apparently unaware or else from which he could not extricate himself, (2) the defendant discovered, or could reasonably have observed, the plaintiff’s danger and (3), thereafter, could have reasonably avoided the accident. See Belshe v. Gant, 235 La. 17, 102 So.2d 477; Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153; Venero v. State Farm Mutual Auto. Ins. Co., La.App., 3 Cir., 196 So.2d 841.” (P. 189)
For a very comprehensive and well written resume of the growth and development of this doctrine in this State, we refer the reader to Volume XXVII of the Louisiana Law Review, page 269.
Photographs were made of the accident scene and the automobiles by the Louisiana State Troopers within a few minutes of the time they arrived to investigate the accident. These photographs reflect that visibility was not impaired by any unusual atmospheric conditions. The trial judge also found, as a fact, that there was no fog in the immediate vicinity of the accident at the time of the collision. The photo made of the rear of the Sanders vehicle shows the spare tire mounted on the trunk of the automobile. The inside of the wheel on which this tire is mounted is painted white and appears to have been free from dirt at the time of the accident. In addition, the Louisiana license plate is attached just above the chrome rear bumper and just at the bottom of the spare tire. This license plate has phosphorous coated background designed to reflect light. The tail lights also appear to have a chrome frame and are situated at the top outer portion of each rear fender.
In addition, there is a chrome gas tank top to the right of the spare tire. The presence of these many bright surfaces which reflect light should have made this vehicle visible to a driver approaching it from the rear within the visible range of his automobile headlights if the driver is exercising reasonable care. There was no curve or hill just south of the accident scene which would have suddenly projected the parked vehicle into the view of an approaching vehicle coming in the same direction as Avant was traveling. There was no oncoming traffic or other lighting to reduce the effectiveness of Avant’s automobile headlights. The Sanders vehicle had at most three feet of the twenty foot roadway blocked and a reasonably prudent driver, maintaining a proper lookout, should have seen the rear of the disabled Sanders vehicle in ample time to have pulled slightly to the left and avoided striking it. LSA-R.S. 32:321, requires automobiles to be equipped with head lamps that on high beam have an intensity to reveal objects within 500 feet, and on low beam 150 feet. According to the physical evidence such as skidmarks and the testimony of Avant, he did not see the Sanders car until he was within approximately 50 to 60 feet of it. This failure- to have seen it timely prevented him from exercising the last clear chance to avoid the collision as he should have done. His blood alcohol content was approximately double that of the minimum quantity required to be considered under the influence of intoxicating *851 beverages, according to the jurisprudence of this State. Jones v. Continental Casualty Co. of Chicago, Illinois, 246 La. 921, 169 So.2d 50 (1946). This apparent heavy intoxication prevented Avant from maintaining the usual and customary lookout that a reasonable and prudent driver would maintain.
The First Circuit Court of Appeal in the case of Thibeau v. LeBlanc, La.App., 198 So.2d 707 (1st Cir., 1967), applied the doctrine of last clear chance in similar circumstances to these before us. A motorist had backed his automobile in the right lane of a two-lane highway to determine if the driver of an automobile in a ditch needed assistance. Rain was falling and visibility was bad. His vehicle had only come to a stop for a matter of seconds when it was struck in the rear by a following car. Although the court found the driver of the stopped car to be guilty of negligence, it further found that the following driver could have pulled to the left and avoided the accident had she been maintaining a proper lookout, giving her the last clear chance to have avoided the accident.
For the foregoing reasons we are of the opinion that the trial judge was in error in not applying the doctrine of last clear chance in determining by whose fault this accident occurred.
It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of plaintiff, Kandace Sanders, against National Surety Corporation in the sum of Five Thousand and No/100 ($5,000.00) Dollars, together with legal interest and all costs, including costs of this appeal.
It is further ordered that the plaintiff in the third party demand, National Surety Corporation, have judgment against the third party defendant, Thomas L. Avant, for the amount that it has been ordered to pay under the judgment of the principal demand.