261 So.2d 327 (1972)
Mrs. Beaulah Broussard SHOLAR et al.
v.
U. S. FIRE INSURANCE COMPANY et al.
No. 8805.
Court of Appeal of Louisiana. First Circuit.
April 17, 1972.
*328 Wallace A. Hunter, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, Perry J. Smith, Gonzales, for appellants.
Rudolph Schoemann, Schoemann, Gomes & Ducote, New Orleans, Charles S. Becnel, Becnel & Kliebert, Vacherie, for appellees.
Before LANDRY, BLANCHE and TUCKER, JJ.
TUCKER, Judge:
This is a suit by the plaintiffs, Mrs. Beaulah Broussard Sholar, the widow of George P. Sholar, and his six major children, Mrs. Hernilda Sholar King, wife of Murphy King, Edward Sholar, Andrew Sholar, Mrs. Lillian Sholar Bercegeay, wife of Atoca J. Bercegeay, Mrs. Louella Sholar LeBlanc, wife of Elvin E. LeBlanc, and Paxton Sholar, for the death of their husband and father in an automobile accident on March 11, 1966, at approximately 8:50 A.M., at the intersection of Airline Highway (U. S. No. 61) and the Burnside Highway (La. No. 41). Decedent, eighty years old at the time, was struck, as he proceeded to cross the Airline Highway, by a police car, driven by Sergeant Delatte who, allegedly, had been chasing a speeder. Decedent died very soon after the accident, without regaining consciousness. The trial court, obviously believing that decedent was contributorily negligent, gave judgment in favor of defendant United States Fire Insurance Company, the insurer of the Louisiana State Department of Public Safety, dismissing plaintiffs' suit. From this judgment plaintiffs have appealed, urging *329 that Sgt. Clayton Delatte was guilty of negligence proximately causing the fatal accident herein, and that the trial court erred in finding decedent, George P. Sholar, contributorily negligent.
The record reveals that the day of the accident was a cold, clear day. Decedent was in good health for an eighty-year old man, with eyesight and hearing apparently normal for that age. Immediately prior to the fatal accident decedent had been parked on the shoulder of the road on the east side of the Airline Highway, in front of Eddy's Trailer Sales. Mrs. Betty Ayo, sitting in her car in an Esso Station on the east side of the Airline Highway, between the Burnside Highway and the scene of the accident, saw decedent's car, a white 1952 Ford coupe, enter the Airline Highway slowly, proceed a short distance south on the northbound lanes (doubling back against the traffic), and commenced cutting across to the break in the neutral ground in order that he might proceed on across the Airline Highway, presumably, into the Burnside Highway. Decedent's car was partially in the inside lane of the northbound lanes and partially in the break in the neutral ground, when he was struck on the left door by the entire front of Sgt. Delatte's police car. At the place of the accident there was a clear vision south on the northbound lanes of the highway for 1½ miles, but Mrs. Ayo testified that she saw decedent looking straight ahead throughout the time that he was crossing the Airline Highway.
Meanwhile Sergeant Clayton Delatte assigned to Troop "A" of the Louisiana State Police was patrolling the Airline Highway in the vicinity, traveling in a 1966 Ford State Police vehicle. His testimony can best be related in his own words:
"I was traveling on the inside lane of the East side of 61. That would be South of Gonzales, going North, and as I approached the city limits of Gonzales, I noticed a white, a maroon car with a white top and a white license. At that time, I didn't know what kind of a license it was. It was three or four hundred feet ahead of me and was traveling about 70 miles an hour when it got to the city limits. So as it approached the light in Gonzales, the light was red and this Pontiac started to slow down and I started to slow down back of him and when he got to the red light, I was going to stop him and issue him a citation. Just before he got to the light, the light turned green and he picked up his speed again and I took out after him. And just right after we passed the intersection, I put my siren on and just about that time, I noticed that Sholars was attempting to cross the Airline Highway. I immediately hit my brakes and tried to avoid hitting him and I pressed so hard on the brakes and the steering wheel, I pressed the steering wheel against the post, the steering post."
The evidence shows that Sgt. Delatte applied his brakes so hard that he left approximately 116 feet of skid marks in the inside, northbound lane of the Airline Highway, in an attempt to avoid hitting decedent's car.
At the location of the accident the Airline Highway is a straight four-lane highway divided by a neutral ground about twenty-five feet in width. Each lane is about ten to eleven feet wide. The accident occurred about 800 feet from the northeast corner of the Burnside-Airline intersection to the point of impact.
LSA-R.S. 32:124 requires that "The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building ... shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard." This court holds that the decedent, George P. Sholar, in attempting to enter the Airline Highway from the shoulder of the road, as attested by the evidence, was held to the same standard of care as the motorist entering a highway from a private driveway. The jurisprudence is unequivocal in holding that the driver entering a highway from a private *330 driveway has the primary duty to avoid a collision. One of the latest of the numerous expressions of the Louisiana courts to this effect is to be found in Robles v. Horton, 247 So.2d 628 (La.App. 2d Cir. 1971).
In the instant case this court finds decedent negligent in entering the Airline Highway in the face of a rapidly approaching police car, which decedent could easily have seen, if only he had looked to his left, and in failing to yield the right of way. Guillory v. Soileau, 224 So.2d 71 (La.App. 3d Cir. 1969). Decedent was also negligent in attempting the very dangerous maneuver of entering this multilane highway and back-tracking in order to cross it through a break in the neutral ground and thereby effect a short-cut. This court considers decedent's negligence as set forth above the sole and proximate cause of the accident in which he sustained his fatal injuries, which prevents any recovery by plaintiffs herein.
Counsel for plaintiffs has intimated that no such vehicle existed as that which Sgt. Delatte is alleged to have chased due to the fact that no other witness testified to having seen it and due to the fact that the Gonzales City Marshal did not list this fact on his report of the accident. This court was impressed with Sgt. Delatte's testimony on this point, however, and sees no reason to disregard his testimony. It also accepts Marshal Bourque's statement that he did not list the fact of the carchasing on his report of the accident, because he did not have room to do so, and also that the only thing he remembered about the accident was that Sgt. Delatte had told him that he was chasing a car at the time of the accident; that decedent's car had pulled out right in front of him and that he had tried to avoid hitting it by applying his brakes. Positive, affirmative evidence as to signals given preponderates over negative evidence. Kennison v. Missouri Pac. R. Co., 241 F.Supp. 545 (W. Dist.La.1965).
Although there is some uncertainty as to the exact time in which Sgt. Delatte turned on the siren in his car, all witnesses are agreed that they heard it as soon as the loud squealing of his brakes had subsided. Under the provision of LSA-R.S. 32:125, therefore, Sgt. Delatte had the right of way, which statute reads in part as follows:
"A. Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals, or of a police vehicle properly and lawfully making use of an audible signal only, the driver of every other vehicle shall yield the right of way * * *. (Emphasis added.)
B. This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway."
LSA-R.S. 32:24 permits a police officer to exceed the maximum speed limit when in pursuit of an actual or suspected violator of the law. Although he is prohibited by both R.S. 32:24 and 32:125 from endangering life or property in so doing, Sgt. Delatte could hardly be found negligent in failing to suspect that a motorist would suddenly enter his right of way when he was in clear vision and proceeding at an excessive rate of speed. As soon as he saw decedent's car, Sgt. Delatte applied his brakes and did all that he could in the seconds left to him to avoid hitting it. This court does not find Sgt. Delatte negligent in the premises.
The plaintiffs argue the applicability of the last clear chance doctrine. This doctrine does not apply under the circumstances here for the reason that Trooper Delatte did not see and could not have discovered decedent's position of peril in sufficient time to reasonably avoid the subject accident. See Thibeau v. LeBlanc, 198 So.2d 707 (La.App. 1st Cir. 1967); Sanders v. National Surety Corporation, 230 So. 2d 847 (La.App. 2d Cir. 1970); Price v. *331 Watts, 215 So.2d 187 (La.App. 3d Cir. 1968); Rottman v. Beverly, 183 La. 947, 165 So. 153 (1936); Jackson v. Cook, 189 La. 860, 181 So. 195 (1938).
There is no manifest error in the conclusions reached by the trial court from the facts presented here and the judgment is correct.
For the above and foregoing reasons the judgment of the trial court will be affirmed at appellants' costs.
Judgment affirmed.