**Fern EVES, Plaintiff-Appellant,**

v.

**FORD MOTOR COMPANY and National Cooperatives, Inc., Defendants-Appellees.**

**No. 71–1008.**

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1972.

Decided Aug. 17, 1972.

of which allegedly caused the truck, then traveling at 50 to 55 miles per hour, first to weave, then to leave the road, plunging down an embankment and striking a concrete culvert. The cab was found to be separated from the chassis when the vehicle came to rest with its contents scattered over the surrounding area.

At the end of the plaintiff's case, the District Court sustained a written motion submitted by each defendant for a directed verdict and also sustained oral motions for dismissal for failure to show that the plaintiff was ever entitled to recover the requisite jurisdictional amount, although the plaintiff's good faith in her allegations respecting the jurisdictional amount was never challenged. Judgment was entered for the defendants and this appeal followed.

The plaintiff's proof showed that her husband bought the truck in April 1965 and used it during the next three and one-half years, driving it a distance of some 47,000 miles, during which no shaking, vibration, shifting or instability of the cab was noticed.

Plaintiff and her husband, who resided in Florida during the winter months, traveled with a summer road show for several years. It was plaintiff's husband who had an aluminum topper bolted to the top of the truck bed. The truck pulled a trailer which served as living quarters for plaintiff and her husband during their travels.

Plaintiff offered Thomas Price, a wrecking service operator, as an expert witness. His testimony was sought to be elicited on the proper method of affixing a cab to the chassis of a truck of this type. The Court, however, concluded that Mr. Price did not qualify as an expert to express an opinion and limited his testimony to what he had actually observed as a layman. There is no showing as to the nature of the opinion he might have rendered if allowed to testify as an expert. Plaintiff now

Donald R. Ewers, Bates & Ewers, Evansville, Ind., for plaintiff-appellant.

Robert H. Hahn, Gaylon L. Clark, Fred P. Bamberger, Evansville, Ind., for defendant-appellee Ford Motor Co.; Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., of counsel.

Before KNOCH, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

KNOCH, Senior Circuit Judge.

Plaintiff-appellant, Fern * Eves, brought this action to recover damages for personal injuries sustained by her while riding as a passenger in a one-vehicle accident occurring October 7, 1968. Defendant-appellee, Ford Motor Company, manufactured the 1965 Ford F–100 Pick-Up Truck, which was the sole vehicle involved, and National Co-Operatives, Inc., previously dismissed from this appeal, manufactured the tire, the failure

---

* Sometimes in the record spelled "Ferne".

states that, if allowed to testify, Mr. Price would have proved that the cab was not properly fastened to the frame. Plaintiff cites the Court's ruling as error.

■ It is, of course, a matter for the Court's sound discretion whether a particular witness is competent to testify as an "expert." Smith v. Uniroyal, 7 Cir., 1970, 420 F.2d 438, 440; Redding v. Picard Motor Sales, Inc., 1 Cir., 1968, 403 F.2d 788, 792.

Ford argues, and we agree, that where a vehicle driven in excess of 47,000 miles without apparent difficulty, experiences a high speed tire blowout, plunges down an embankment, colliding with a culvert, it takes a specially informed and experienced witness to offer an expert opinion respecting the condition of the truck before the cab separated from the chassis, to support a claim that the injuries suffered are the result of a defect existing in the vehicle from the time of its manufacture three and one-half years earlier.

■ Mr. Price has no formal background in engineering, higher mathematics or physics, or special knowledge respecting the strength of, or measurement of force on, metal, bolts or frames. He described himself as a pretty good mechanic and said he had specific knowledge of how truck cabs fit on frames. He said he has a body shop and a garage at his establishment. Questions put by the Trial Judge elicited the information that it was Mr. Price's employees, not he himself, who had recently changed cabs and bodies of two or three trucks, only one of which involved a Ford F–100 truck. He did not know the weight of the cab or the size or tensile strength of the bolts, and had initially displayed a lack of firm knowledge on the mounting assemblies. He had never seen this particular truck prior to the accident. Only after careful examination of the witness, did the Trial Judge

make his ruling. We find no abuse of discretion.

The jurisdictional defect did not become apparent until the close of the plaintiff's evidence and was not dealt with until after the Trial Judge directed a verdict for the defendants, at a time when the issue was for all practical purposes moot.

Plaintiff's claim was for unliquidated damages of $25,000 for personal injuries. As indicated, her good faith was not questioned. Her claim, made, we must assume in good faith, initially conferred jurisdiction over this suit between citizens of different states. See St. Paul Mercury Indemnity Company v. Red Cab Co., 1938, 303 U.S. 283, 292–293, 58 S.Ct. 586, 82 L.Ed. 845; Emmons v. Smitt, 6 Cir., 1945, 149 F.2d 869, 872, cert. den. 326 U.S. 746, 66 S. Ct. 59, 90 L.Ed. 446.

Modification of the statute, Title 28 U.S.C. § 80 (Act of March 3, 1875, c. 137, § 5) which provided the basis for the decision in McNutt v. General Motors Acceptance Corporation of Indiana, 1936, 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135, cited by plaintiff, renders that case of little assistance here. That statute provided that on discovery of a deficiency in the jurisdictional elements, the Trial Court must dismiss the suit and proceed no further. This language was omitted from Title 28 by the revisions of the Congressional Act of June 25, 1948, c. 646, 62 Stat. 869. The provisions of Title 28 U.S.C. § 80, as transferred to §§ 1359, 1447, and 1919, do not include this restriction on the Trial Judge's discretion.

■ Defendants here were required to defend on the merits a claim which presented a colorable conformance to the jurisdictional requirements. A persuasive argument is advanced on their behalf that in all fairness, they should not be required to defend on the merits

anew in a state court under the circumstances of this case. The directed verdict for the defendants was proper and must stand.

Ford cites a similar occurrence in Kennison v. Missouri Pacific Railroad Company, W.D., La., 1965, 241 F.Supp. 545, where judgment on the merits was held to be *res judicata* between the parties despite a jurisdictional defect which did not become apparent until the close of the plaintiff's evidence.

Unlike the situation in Davenport v. Mutual Benefit Health and Accident Association, 9 Cir., 1963, 325 F.2d 785, on which plaintiff relies, where the plaintiff alleged the equivalent of gross fraud, essential for an award of punitive damages (which the 9th Circuit held could be considered in computing the amount necessary for federal jurisdiction) the District Judge here could well conclude to a legal certainty from the plaintiff's evidence that she could never be entitled to a sum equal to the jurisdictional amount.

Plaintiff testified concerning her own injuries. She said that her ankle hurt and that she experienced pain below the rib cage on the day of the accident. She said her ankle was X-rayed. The results were not made part of this record, but a cast was applied which she wore for almost six weeks. Whether a fracture was sustained was not stated. Plaintiff said she was advised to use crutches or a cane after the cast was removed, which she did when she worked at home for a period which was not indicated. Neither of the two physicians she consulted testified. There was no medical evidence. Loss of wages or earning capacity was not shown. The medical bills were $139.65. In response to a question from her own counsel, plaintiff agreed that she felt she was "in pretty good shape" at the time of the trial.

The judgment of the District Court is affirmed.

Affirmed.