**CITY OF MISHAWAKA, on behalf of its Department of Redevelopment, Plaintiff-Appellant,**

v.

**Tofica SARA, Burkhart Advertising, Inc., Mid City Motors Corporation, and Aloysius J. Kromkowski, as Treasurer of St. Joseph County, Indiana, Defendants-Appellees.**

No. 3–1077A271.

Court of Appeals of Indiana, Third District.

Nov. 28, 1979.

Rehearing Denied Jan. 14, 1980.

R. Wyatt Mick, Jr., David V. Bent, Mishawaka, for plaintiff-appellant.

John Schindler, Jr., Schindler & Olson, Mishawaka, for defendant-appellee Sara.

Lawrence C. DiNardo, Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, for defendant-appellee Burkhart Advertising, Inc.

HOFFMAN, Judge.

The Department of Redevelopment of the City of Mishawaka (the City) offered to purchase a certain parcel of real estate owned by Mrs. Tofica Sara (Sara) as a part of its federally-funded downtown urban renewal project. Sara rejected the offer and the City filed this suit to acquire the property by condemnation.

Sara objected to the condemnation, claiming that she had not been given an opportunity to accompany the City's appraiser as required by the Indiana Relocation Assistance Act, IC 1971, 8–13–18.5–1, *et seq.*, or, in the alternative, by the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 *et seq.* After hearing evidence the trial court sustained Sara's objection and this appeal followed.

The basis for Sara's objection, and for the trial court's decision, is a part of 42 U.S.C. § 4651, which appears in nearly identical form at IC 1971, 8–13–18.5–11 (Burns Code Ed.). Because these two provisions are identical in all operative parts, there is no need to distinguish between them for the purpose of deciding this case.[1] The Federal statute reads, in pertinent part, as follows:

"In order to encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts, to assure consistent treatment for owners in the many Federal programs, and to promote public confidence in Federal land acquisition practices, heads of Federal agencies shall to the greatest extent prac-

ticable, be guided by the following policies:

\* \* \* \* \* \*

(2) Real property shall be appraised before the initiation of negotiations, and the owner or his designated representative shall be given an opportunity to accompany the appraiser during his inspection of the property. . . ."

42 U.S.C. § 4651.

In the proceedings below Sara argued, and the trial court found that the City's compliance with this statutory directive was a prerequisite to the right to acquire the property by condemnation. Both at the trial level and in this appeal the City has maintained that such a result is contrary to the plain language of another portion of the Uniform Act:

"(a) *The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.*

"(b) Nothing in this chapter shall be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of value or of damage not in existence immediately prior to January 2, 1971." (Emphasis supplied.)

42 U.S.C. § 4602.[2]

The intent of the Congress in enacting § 4602(a) and that of the General Assembly in enacting IC 1971, 8–13–18.5–15(a) could not have been expressed more clearly: the policies set forth in § 4651 (IC 1971, 8–13–18.5–11) are advisory only, *United States v. 416.81 Acres of Land* (CA 7, 1975), 525 F.2d 450, at 454; *Paramount Farms, Inc. v. Morton, et al.* (CA 7, 1975), 527 F.2d 1301, at 1305, and they create no right in the condemnee to judicial review of an agency's property acquisition practices. *Barnhart v. Brinegar* (W.D.Mo., 1973), 362 F.Supp. 464; *Paramount Farms, supra.*

---

1. *See, City of Mishawaka v. Fred W. Bubb Funeral Chapel, Inc.* (1979), Ind.App., 396 N.E.2d 943.

2. The Indiana provision, nearly identical to § 4602, is found at IC 1971, 8–13–18.5–15 (Burns Code Ed.).

Furthermore, it has been held, on authority of § 4602, that the failure of an agency to give the condemnee an opportunity to accompany the agency's appraisers was not a sufficient ground for excluding the appraisers' testimony. *United States v. 416.81 Acres of Land, supra; State of Washington v. Obie Outdoor Advertising, Inc.* (1973), 9 Wash.App. 943, 516 P.2d 233.

*State of Missouri ex rel. Weatherby Advertising Co., Inc. v. Conley* (1975), Mo., 527 S.W.2d 334, relied upon by Sara, is not to the contrary. Although the *Conley* court held that the Missouri Highway Commission's compliance with the § 4651 policies was a condition precedent to a trial court's exercise of jurisdiction over an eminent domain action, the court reached that conclusion on the basis of a Missouri statute which placed a duty upon the commission to comply with those policies independent of any duty imposed by the Uniform Act itself. 527 S.W.2d at 341. The Missouri court's implicit holding that a condemnee has a right to maintain an action to compel the commission's compliance with the policies is therefore based solely on a construction of Missouri state law, not of the Uniform Act. Since there is no Indiana statute similar to the Missouri statute upon which the *Conley* decision rests, that decision is not persuasive authority for a conclusion other than that which this Court reaches today.

For the above reasons, the judgment below must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.