## FLEMING v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 10985.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1944.

John Henry Poole, of Tifton, Ga., for appellant.

Leonard Farkas and Walter H. Burt, both of Albany, Ga., for appellee.

Before SIBLEY, HUTCHESON and McCORD, Circuit Judges.

PER CURIAM.

The suit was upon a State sheriff's bond to recover $103 actual damages and "smart money" or punitive damages in the sum of $3,000. A motion to dismiss was sustained generally, one ground being a want of federal jurisdiction in that less than $3,000 was really involved. The case alleged is that plaintiff sent a fieri facias to the sheriff to be levied on personal property in the possession of the defendant in fi. fa. within the sheriff's county; and also sent $2, the fee for making a levy; but the sheriff delayed more than a month, and allowed the defendant in fi. fa. to depart with his property into another State, and refused to return the $2, which was fraudu-

lently retained by a deputy and converted to his own use.

A State statute, Georgia Code of 1933, Sect. 89-420, permits suit upon an official bond by the person injured, and Sect. 89-421 allows recovery of actual damages; adding, "But in all cases when little or no damage is actually sustained, and the officer has not acted in good faith, the jury may find for the plaintiff an amount, as smart money which, taking all the circumstances together, shall not be excessive nor oppressive."

We may assume here that a recovery of $103, the amount of the fi. fa. and of the $2 which the deputy is alleged to have converted, could be had as actual damages. Assuming also that a want of good faith appears, as distinguished from mere neglect, so that a jury might impose smart-money, we yet think that an award of $3,000 as such would as a matter of law be excessive and oppressive. No judge should allow such a verdict to stand as punishment for failure to levy a small fieri facias and to make good a default of $2 on the part of a deputy. In Copelan v. Dunehoo, 36 Ga.App. 817, 138 S.E. 267, relied on by appellant, only $1,000 was claimed against a sheriff who wrongfully shot his pistol at the plaintiff and her automobile five times, hitting it and narrowly missing her each time.

For want of federal jurisdiction the case was properly dismissed, and on this ground the judgment is

Affirmed.