Aaron M. HUFTSTETLER

v.

Robert DAVIES, d/b/a Regency Apartments, Smyrna, Georgia,

Guys Movers & Storage Co., Smyrna, Georgia.

Civ. A. No. 12191.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 23, 1970.

James M. Nichols, Atlanta, Ga., for plaintiff.

Jordan H. Prosser, Marietta, Ga., for defendant, Guys Movers & Storage Co.

Clein, Babush & Karp, Atlanta, Ga., for defendant Davies.

## ORDER

EDENFIELD, District Judge.

This is an action for damages in which jurisdiction allegedly is predicated upon (1) diversity of citizenship and (2) deprivation of constitutional rights. The complaint shows that in April 1968 plaintiff, a serviceman who was stationed at Dobbins Air Force Base but who had been given a temporary duty assignment in Charleston, South Carolina, vacated an apartment he had been renting from Defendant Davies and moved his household goods into storage at the warehouse of Defendant Guys Movers & Storage Company. At the time plaintiff moved out of the apartment he owed Defendant Davies for

past-due rent, and to collect that money Davies obtained a distress warrant from the Civil and Criminal Court of Cobb County. The goods were sold and the court turned over to Davies the money which allegedly was owed to him by plaintiff. It appears that plaintiff at a later date claimed, and was given, the balance of the money received from the sale of the goods.

Plaintiff contends that his constitutional rights were violated by the distress sale and seeks to recover from defendants the sum of $3800, which allegedly represents the true value of the goods sold, together with $25,000 punitive damages. On October 21, 1969, the court dismissed the complaint for lack of jurisdiction over the subject matter and plaintiff now has moved for leave to amend the complaint in order to allege sufficient additional facts to show the existence of federal court jurisdiction. For the reasons set forth below the court finds that the proposed amendment, as presently constructed, would not establish either diversity or federal question jurisdiction and leave to file the amendment therefore will be denied.

■ Although no jurisdictional statute is specified by plaintiff, both the complaint and the brief in support of the proposed amendment contain vague references to constitutional rights which allegedly have been violated and to rights allegedly created by the Soldiers' and Sailors' Civil Relief Act, 50 App. U.S.C. § 501 et seq. It therefore appears that plaintiff might be attempting to allege jurisdiction under either 28 U.S.C. § 1343 (for a claim arising under 42 U.S.C. § 1983) or under § 1331 (for a claim arising under 50 App. U.S.C. § 530). To the extent that he may be attempting to set forth a claim under § 1983, plaintiff fails because there is no allegation that the above-named defendants were acting under color of state law. Indeed the complaint leaves no doubt that they were private citizens and were acting in a purely private capacity. There is therefore no way plaintiff could have a claim under 42 U.S.C. §

1983, and jurisdiction of this case is not present under 28 U.S.C. § 1343.

■ It is also clear that jurisdiction cannot exist under 28 U.S.C. § 1331. In the first place, the statute which plaintiff apparently wishes to invoke as creating a cause of action, i. e., 50 App. U.S.C. § 530, authorizes the court to stay eviction or distress proceedings against servicemen in certain instances and provides that one who undertakes such proceedings without first having complied with the Act may be punished "by imprisonment not to exceed one year or by fine not to exceed $1,000 or both," but it does not create a private cause of action for damages from one who has violated the Act. Furthermore, even assuming arguendo that the statute does, as plaintiff contends, authorize a private damage suit, the jurisdictional amount requirement of § 1331 would still have to be met in order for this court to have federal question jurisdiction. And that requirement cannot be met merely by, as here, praying for exorbitant punitive damages which clearly are not authorized by the statute and which in these circumstances would be grossly excessive in any event. See, e. g., Fleming v. United States Fidelity & Guaranty Co., 146 F.2d 128 (5th Cir.1944).

■ In his brief in support of the motion to amend, plaintiff argues that his Fourth and Fifth Amendment rights were violated by the sale of his household goods pursuant to the distress warrant issued by the state court, and that the Georgia statute authorizing such proceedings is unconstitutional. These arguments of course have nothing whatever to do with any claim for relief he might have against the above-named individuals and could not be litigated in an action against those defendants even if the court otherwise had jurisdiction over the case.

■ As to diversity jurisdiction, the proposed amendment alleges that plaintiff is a citizen of the State of South Carolina—an allegation which appears to conflict irreconcilably with other allegations contained in the com-

plaint. In view of this the court will not allow the amendment filed absent a supporting affidavit to establish that diversity of citizenship existed at the time the suit was filed in October 1968. Furthermore, if plaintiff wishes to establish that the court has diversity jurisdiction over a state-created cause of action he must include a short and plain statement of the claim he is asserting, as required by Rule 8(a) of the Federal Rules of Civil Procedure, in order that the court may ascertain whether punitive damages are legally recoverable and therefore includable for purposes of determining the jurisdictional amount.[1]

In summary, neither the complaint as originally filed nor the proposed amendment thereto shows that either diversity or federal question jurisdiction exists. Accordingly, the motion for leave to amend is DENIED without prejudice to its being refiled as a diversity case if both the diversity of citizenship and the jurisdictional amount required by 28 U. S.C. § 1332 can be substantially alleged.

---

1. The court notes also that the sale of plaintiff's goods was carried out pursuant to an order issued by a state court and that unless and until that order is over- turned the sale cannot be said to be wrongful. Spampinato v. M. Breger & Co., 226 F.2d 742 (2d Cir. 1955).