Nancy KIRKLEY, Plaintiff,

v.

EDUCATIONAL AIDS PUBLISHING CO., INC., et al., Defendants.

Civ. A. No. 77–2042.

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 29, 1978.

J. Marvin Mullis, Jr., Columbia, S. C., for plaintiff.

D. Reese Williams, III, Columbia, S. C., James B. Pilcher, Atlanta, Ga., for defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS FOR WANT OF JURISDICTIONAL AMOUNT [1]

HEMPHILL, District Judge.

Defendants' motion to dismiss for want of the amount in controversy, puts the initial question of whether this court has jurisdiction which demands decision as to whether or not the matter in controversy, in the present posture of the case, exceeds the sum and value of $10,000, excluding the interest and cost. This is a suit for invasion of privacy in which the plaintiff alleges she was constantly harassed, telephoned, maligned and otherwise pursued, threatened, etc., because of defendants' attempted collection of a bill plaintiff and her husband had incurred as a result of buying a set of encyclopedia. She asked for actual and punitive damages.

It is obvious, from the information now before the court, that the actual out-of-pocket expenses do not exceed the sum of $10,000. The plaintiff claims that the continuous harassment and annoyance, the fact that she was exposed to severe emotional and mental distress, that she was the subject of damaging, threatening and malicious telephone calls to her place of employment; that she was unable to perform her work properly—has caused her to become nervous and she has suffered an intolerable invasion of private life on account of defendants' activities. For a second cause of action she alleges insult and shock of exposure to public knowledge and ridicule directly caused her by defendants' acts, which she insists defendants willfully and maliciously pursued. It is obvious she seeks actual and punitive damages. Her physician does not reveal a great amount of special damages.

Since the renowned case of *St. Paul Indemnity Company v. Red Cab Company,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 [2], a plethora of exploratory and at times diverse opinions have been issued by ever-zealous appellate and trial courts. Of fairly recent vintage we find a case involving actual and punitive damages, of similarity in the fact that the two kinds of damages were sought,

---

1. 28 U.S.C. § 1332(a) provides: Diversity of citizenship; amount in controversy; costs

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,-000, exclusive of interest and costs, and is between—
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state;
    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

2. At page 288 of the U. S. Reports and at page 590 of the S.Ct. and at page 848 of the L.Ed., Mr. Justice Roberts, writing for the Court, declared:

    "The rule governing dismissal for want of jurisdiction in cases brought in the Federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

although not an identical case. In *Wood v. Stark Tri-County Building Trades Council,* 473 F.2d 272, 273 (6th Cir. 1973), the court stated:

> The determination of the amount in controversy is fairly uncomplicated when the plaintiff seeks liquidated damages, the amount in controversy being the total of the liquidated damages. In the unliquidated damages situation, as in the present case, the courts generally apply a good faith standard to the plaintiff's complaint. If the plaintiff's claim is in good faith for an amount higher than the jurisdictional amount, then jurisdiction exists in the federal court unless it appears to a legal certainty that more than the jurisdictional amount could not be recovered by the plaintiff. (Citing *St. Paul Mercury Indemnity.*)

In the case at bar we have a situation in which the specials insofar as out-of-pocket expenses are minor, but if there has been an invasion of plaintiff's private rights, and we must take the complaint as true for that consideration, how much is that worth in the market place of individual peace and privacy? What would the jury assess? Since the plaintiff alleges that after warning the defendants continued to pursue her in its most uncommon and harassing manner, punitive damages could be supported by the testimony, and awarded by the jury. How can a judge, without testimony, establish a value, when the unliquidated claim on its face is a claim which justifies a jury consideration as to both actual and punitive damages?

■ This court adopts the reasoning of the Fifth Circuit in *Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.,* 417 F.2d 129, 131 (5th Cir. 1969) where the court said that the amount in controversy is measured by the amount claimed in good faith by the plaintiff rather than by the amount ultimately recovered.[3] We face here in the

invitation of the motion, that we deny plaintiff her right to proceed in Federal court, her chosen forum, without giving her a chance to present the merits of her case before a court and a jury. The court is asked to say that, to a legal certainty, the unliquidated claim is for less than the jurisdictional amount, or that, to a legal certainty the court finds that the claim of the requisite jurisdictional amount is not pursued in good faith.

The court is quick to accept the dollar requirement in federal question litigation poses a question which is sometimes difficult to determine. Nevertheless, Congress has enacted this jurisdictional feature and it is not for this court or any other court to avoid its implication by judicial decree or judicial legislation. It is so well set forth in Federal Practice and Procedure:[4]

> This determination often requires the striking of a sensitive balance between two competing policies. On the one hand, a case should not be entertained by a federal court if there is no basis for the plaintiff's assertion that the jurisdictional amount requirement has been satisfied; on the other hand, a party should not be unduly delayed or deprived unfairly from securing a trial on the merits in a federal forum by a preliminary jurisdictional determination.

Seeking the balance that this determination should project, this court cannot say *for a legal certainty* that there is no basis for plaintiff's assertion that the jurisdictional amount requirement is met, and the preliminary jurisdictional determination at this point might well deprive plaintiff of a forum she chose, and which is hers if she meets the requirements. Of course, it would be preferable if the court had more authority in the matter at issue, but sometime the expansion of authority has the impact of injustice. As stated in *Barry v. Edmunds,* 116 U.S. 550, 6 S.Ct. 501, 506, 559, 29 L.Ed. 729 (1886):

> it appears to a legal certainty that the plaintiff cannot recover at least that amount." [131]

---

3. "Whether the claim is made in good faith is 'measured by the standard of legal certainty that the plaintiff cannot recover as much as the jurisdictional amount,' . . . . since dismissal for lack of jurisdiction is justified only when

4. Wright and Miller, 1976 ed., West Publishing Co., Vol. 14 § 370 p. 369.

It might happen that the judge, on the trial or hearing of a cause, would receive impressions amounting to a moral certainty that it does not really and substantially involve a dispute or controversy within the jurisdiction of the court. But upon such a personal conviction, however strong, he would not be at liberty to act, unless the facts on which the persuasion is based, when made distinctly to appear on the record, create a legal certainty of the conclusion based on them. Nothing less than this is meant by the statute when it provides that the failure of its jurisdiction, on this account, "shall appear to the satisfaction of said circuit court."

The rationale of this is obvious. To those trial judges on the district bench who have had trial experience and repeatedly face these age-old questions, when experience and judgment of the court dictate that the jurisdictional amount does not prevail, it should not prevail. It readily follows that the reasoning for requiring determination to a legal certainty, and the further reasoning we find an examination of good faith, are among those checks and balances that justice demands of the trial judge's feelings.

■ This court recognizes that once the jurisdictional amount is challenged, by a motion to dismiss for a lack of diversity jurisdiction such as here exists, the burden of proving the existence, by showing that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount, rests on the party who seeks the jurisdiction of the federal forum. *United States v. Southern Pacific Transportation Co.,* 543 F.2d 676 (9th Cir. 1976); *King v. Morton,* 172 U.S.App.D.C. 126, 520 F.2d 1140 (1975); *Network Project v. Corp. for Public Broadcasting,* 398 F.Supp. 1332 (D.C. D.C.1975), affirmed in part, reversed in part, 561 F.2d 963. Because *Hatfield v. Mullins Ford, Inc.,* 389 F.Supp. 278 (E.D.Va. 1975) was affirmed by the Fourth Circuit (530 F.2d 968) this court examined that opinion. It appears that the claim there was for a liquidated amount where it could be definitely ascertained as to a legal certainty that the jurisdictional amount did not exist. Here we have a claim that is large and unliquidated, arising out of a tort, not out of a contract, thus the distinction.

This court is required to make the determination necessary here but again it may rely on Wright and Miller: [5]

The determination of the value of the matter in controversy for purposes of federal jurisdiction of the federal question to be decided under federal standards. However, diversity cases in federal courts must look to state law to determine the nature and extent of the right to be enforced. This includes applying the forum state's rules regarding the measure of damages and the availability of special and punitive damages.

Again we are met with the realities of the case before us in which punitive damages have been asked, and if the complaint is to be regarded as true, the harassment of the plaintiff is of such proportion that punitive damages will follow if the jury is convinced of the truth of the matters set forth in the complaint. This realization is somewhat of a caution flag against an early dismissal at the threshold of an action which is nearing trial time in a forum which can accommodate and has a disposition time in civil cases of six months or less. Although it might be well for these cases if the court were to go into detail as a threshold question, the court cannot assume this burden without considerable more manpower and somewhat formal guidelines. South Carolina allows punitive damages. Punitive damages as well as liquidated damages were sought at the commencement of the action in federal court.

■ It has been held sufficient to establish the jurisdictional amount if there is a probability that the value of the matter in controversy exceeds such amount. *Jeffries v. Silver Cup Bakers, Inc.,* 434 F.2d 310 (7th Cir. 1970). Of course, if this court were to

5. Ibid. Section 3702, page 376.

determine that the claim was "colorable" [6], the court would not have jurisdiction. *Bell v. Preferred Life Assurance Society, Montgomery,* 131 F.2d 516 (5th Cir. 1943); *Fleming v. U. S. Fidelity & Guaranty Co.,* 146 F.2d 128 (5th Cir. 1945). It has been said that in the absence of bad faith, allegations as to the jurisdictional amount become colorable merely when, under the allegations of the complaint, it appears that plaintiff was never entitled to recover the jurisdictional amount. *Berger v. Austin Nichols & Co.,* 170 F.2d 330 (7th Cir. 1948).

Because of the aforesaid, the court on balance finds that at the time of the filing of the complaint, the jurisdictional amount was claimed, and there is no legal certainty that the jurisdictional amount did not exist, nor is that legal certainty present today and the court finds no bad faith in the claim.

The Motion to Dismiss is denied.

AND IT IS SO ORDERED.

---

6. This has the connotation of fiction insofar as the jurisdictional amount is concerned.