Charles A. EIDSON, Plaintiff,

v.

Bernard F. ARENAS, Jr., and Stanley L. Mautte Living Trust, and Nick Ficarotta, Attorney, Defendants.

No. 93–1339–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

March 25, 1994.

Charles A. Eidson, pro se.

Nick Ficarotta, Law Office of Nick Ficarotta, Tampa, FL, for defendants.

Nick Ficarotta, pro se.

*ORDER ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO DISMISS*

KOVACHEVICH, District Judge.

This cause comes before the Court on Plaintiff Charles A. Eidson's Motion for Default as to Stanley Mautte L.T. (Dkt. 5), and Motion for Summary Judgment (Dkt. 9) as well as Defendants' Motion To Dismiss (Dkt. 18).

## I. BACKGROUND

Plaintiff's Complaint alleges that Defendants wrongfully evicted Plaintiff from a building on 1902 West Kennedy Boulevard in Tampa, Florida. According to the Complaint, Plaintiff leased a building which now houses the operation of the national and international headquarters of The Church of The Avenger. Plaintiff met with an agent of the Defendant, Mr. Richard Benton, and entered into negotiations for rental of said facility, which culminated in the signing of a "Lease Agreement" dated September 16, 1992. The document has been modified by numerous handwritten notes and is not signed by the Plaintiff. It is neither notarized nor witnessed.

Plaintiff alleges that Defendants acted conspiratorially when 1) Attorney Ficarotta caused notice to be served on Plaintiff on January 25, 1993, in reference to eviction; 2) a rental check was returned to Plaintiff, without explanation, by Defendant Arenas on February 15, 1993; 3) a civil summons was served on a non-party to the Complaint on March 29, 1993; 4) Attorney Ficarotta filed a Notice to Produce to a non-party to the Complaint on April 26, 1993; 5) Attorney Ficarotta filed a Notice of Hearing set for April 29, 1993 in the County Court of Hillsborough.

Defendants allege that, after obtaining a Writ of Possession against the Plaintiff for non-payment of owed rent, Defendants provided Plaintiff with another chance to pay his rent while effectuating an orderly removal of Plaintiff's possessions from the premises. Defendants agreed to extend Plaintiff's time to vacate for three months, as long as Plaintiff paid the monthly rent. Defendants further allege that after paying one month's rent, Plaintiff failed to make further payments.

Plaintiff removed the case to Federal Court on July 20, 1993. Plaintiff bring the Complaint under 42 U.S.C. sections 1983 and 1988, alleging that Defendants were acting under color of law of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the County of Hillsborough/City of Tampa, Florida.

Plaintiff alleges jurisdiction based on 28 U.S.C. sections 1331, 1343, as well as on pendent jurisdiction.

Plaintiff alleges conspiracy by Defendants in violation of Plaintiff's rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and requests monetary damages. Plaintiff's Complaint alleges that Defendants' conduct deprived him of liberty and property without due process of law. Plaintiff further alleges that his privacy right under the First, Fourth, Fifth and Fourteenth Amendments were violated by Defendants, as well as Plaintiff's right of free speech under the First and Fourteenth Amendments to the U.S. Constitution and the Florida Constitution. The Complaint also includes counts in tort for battery, false imprisonment, false arrest, negligence, malicious prosecution and persecution.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

■ This Court has wide discretion in determining whether a judgment of default should be entered when a defendant fails to timely answer. *Henry v. Metropolitan Life Ins. Co.*, 3 F.R.D. 142 (W.D.Va.1942). A court may exercise that discretion in favor of seeking disposal of a claim on the merits of the Complaint, as opposed to a procedural issue. *Kocenko v. Buskirk*, 56 F.R.D. 14 (E.D.Pa.1972); *Dr. Ing. H.C.F. Porsche AG v. Zim*, 481 F.Supp. 1247 (N.D.Tex.1979).

■ Plaintiff moves for a judgment of default against Defendants for failure to timely answer the Complaint filed on August 11, 1993. However, the Defendants filed a Motion on September 7, 1993 for a twenty day extension of time to answer, and then filed their Motion To Dismiss on September 27, 1993, under Federal Rule of Civil Procedure 12. The Motion To Dismiss stayed the Defendants' time to file an answer until issuance of an Order by this Court. Thus, Plaintiff's Motion for a Judgment of Default is denied on procedural grounds.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

■ Federal Rule of Civil Procedure 56(c) provides that the trial judge shall grant Summary Judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). This circuit clearly holds that Summary Judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact, when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–997 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude Summary Judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

■ The Supreme Court also stated that Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. The substantive evidentiary standard of proof that would apply at the trial on the merits is applied to the nonmoving party, in establishing the existence of a genuine issue of material fact, in response to a Summary Judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

## DISCUSSION

Plaintiff asserts that Defendants acted in an unlawful and discriminatory manner when they sought to evict Plaintiff from the premises of 1902 West Kennedy Boulevard in Tampa, Florida. He also alleges attack, persecution, religious discrimination, harassment by city officials and verbal battery by local media. Additionally, Plaintiff's complaints are directed to many non-parties, other than the instant Defendants. A Plaintiff may not force Defendants to trial on a civil rights damages claim merely by catchall allegations of unfairness and mistake. *Palmigiano v. Mullen,* 491 F.2d 978 (1st Cir. 1974).

Defendants claim that they instituted the eviction proceedings for non-payment of rent and that they proceeded in a constitutionally protected manner. *See,* generally, *Matter of Pickus v. Vitagliano,* 8 B.R. 114 (D.Conn. 1980) (where the Court held that landlords, who obtained a Judgment for possession but who delayed in enforcing execution and attempted to allow debtor to become current in rent, did not create a new tenancy in the debtors, and landlord's utilization of an execution to evict debtors was not in bad faith or based on improper motive, so as to constitute a violation of debtor's civil rights under color of state law).

*See, also, Hohensee v. Dailey,* 383 F.Supp. 6 (M.D.Pa.1974), wherein a tenant who alleged that landlords engaged in a conspiracy with their attorney to force him to vacate his apartment while his lease was still in effect, and that the landlord/tenant action brought in State Court was a sham Complaint intended to harass him and to carry out an illegal conviction, did not state a cause of action under section 1983. *Cf, Huftstetler v. Davies,* 309 F.Supp. 1372 (N.D.Ga.1970).

Because there are issues of fact relating to the legal arguments at bar, this case clearly involves more than the mere application of the correct standard of law to undisputed facts. A discussion of the disputed issues follows in Section IV. Accordingly, Summary Judgment by this Court is precluded.

## IV. DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim under which relief can be granted.

A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt the Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss the allegations set forth in the Complaint, the court views the Complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The pleadings of a *pro se* litigant are to be held to less stringent standards than those drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a *pro se* litigant must still meet minimal pleading standards. *Olsen v. Lane,* 832 F.Supp. 1525 (M.D.Fla.1993). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Gersten v. Rundle,* 833 F.Supp. 906 (S.D.Fla.1993) (quoting *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1974)).

"A pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..." Fed. R.Civ.P. 8(a)(1). In order to bring an action under 42 U.S.C. section 1983, a Plaintiff must allege that at all times material to the Complaint, Defendants acted under color of state law, and that Defendant's actions violated Plaintiff's constitutionally or federally guaranteed rights. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

## DISCUSSION

There is no meritorious indication in Plaintiff's factual allegations that Defendants acted under color of state law or that they are

state actors. Although Defendants instituted eviction proceedings in state court, Plaintiff makes no allegations the Defendants abused state judicial process, nor does Plaintiff challenge the constitutionality of eviction proceedings in Hillsborough County. Additionally, Plaintiff fails to show any nexus between his injuries and the eviction proceeding.

■ If a state merely allows private litigants to use its court, there is no "state action" within the meaning of section 1983, unless there is some corruption of judicial power by the private litigant. *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir.1992); *Cate v. Oldham,* 707 F.2d 1176 (11th Cir. 1983); *Hollis v. Itawamba County Loans,* 657 F.2d 746 (5th Cir.1981) (absence abuse of procedure, or indication of improper motive, no state action is attributable to persons who avail themselves of presumably constitutional state enactments); *Fallis v. Dunbar,* 386 F.Supp. 1117 (N.D.Ohio), *aff.* 532 F.2d 1061 (6th Cir.1976). Illustratively, the requirement for a section 1983 action, that such an action have been taken under color of state law, is a "test which can rarely be satisfied when action is taken by one not a state official." *Oller v. Bank of America,* 342 F.Supp. 21 (N.D.Cal.1972).

■ Plaintiff's Complaint fails to assert any intentional involvement of the Defendants acting as state actors. Rather, Plaintiff alleges discrimination by numerous parties, other than the Defendants, that are not named in the pleading. The alleged discriminatory conduct was directed against a non-party to this action, namely The Church of The Avenger. Plaintiff's allegations against non-parties, such as the City of Tampa Police Department, "unknown assailants," and Florida certified arson investigators, are conclusory and lack even the minimum particularized facts to demonstrate a constitutional deprivation and sustain a cause of action. *Cohen v. Illinois Inst. of Tech.,* 581 F.2d 658 (7th Cir.1978). As such, these allegations are wholly devoid of legal or procedural foundation.

Thus, Defendants are private actors and have not acted under "color of state law." Plaintiff cannot hold Defendants liable under section 1983 since he has failed to establish this indispensable element of a section 1983 action. In the absence of diversity, this Court lacks jurisdiction over the subject matter of the Complaint.

■ A pleading under Fed.R.Civ.P. 8(a)(2) should give the opposing parties fair notice of the nature of the claims and the basis or grounds for it, *Reed v. Bd. of Education,* 460 F.2d 824 (8th Cir.1972), so that the Defendants will at least be notified as to which of their personal actions give rise to the claim upon which the Complaint is based. *Friends of the Earth v. Carey,* 401 F.Supp. 1386 (S.D.N.Y.1975), affirmed in part and reversed in part on other grounds, 535 F.2d 165 (2d Cir.1976). The claim(s) needs to be particularized sufficiently for the Defendants to prepare their defense, *Philadelphia Dressed Beef Co. v. Wilson & Co.,* 19 F.R.D. 198 (E.D.Pa.1956), and make a responsive pleading, *Frank v. Mracek,* 58 F.R.D. 365 (M.D.Ala.1973), and should insure that the Court is sufficiently informed to determine the issue presented, *Sheridan–Wyoming Coal Co. v. Krug,* 168 F.2d 557 (D.C.Cir. 1948), and to decide whether the complaint states a claim upon which relief can be had. *Luckett v. Cohen,* 145 F.Supp. 155 (D.C.N.Y. 1956).

■ In determining whether a pleading meets the standard of Fed.R.Civ.P. 8(a)(2), it must be construed so as to do substantial justice as required by Fed.R.Civ.P. 8(a)(f). *Bodine Produce Inc. v. United Farm Workers' Organizing Committee,* 494 F.2d 541 (9th Cir.1974). And, the most practical way to "do substantial justice" and comply with the rules of procedure, is to state the prima facie elements of the claim or claims. *Daves v. Hawaiian Dredging Co.,* 114 F.Supp. 643 (D.C.Hawaii 1953). Furthermore, in the interest of clarity and good pleading, a Plaintiff should clearly and specifically state the grounds upon which his various causes of action depend, since such a statement is necessary in order to present Defendants with a Complaint to which they can readily prepare an answer, as well as to facilitate future proceedings in the case. *Baird v. Dassau,* 1 F.R.D. 275 (S.D.N.Y.1940).

Where, as in the case at bar, it appears from the allegations of the Complaint that a cause of action does not exist, dismissal of the Complaint is warranted. *Garcia v. Hilton Hotels International, Inc.,* 97 F.Supp. 5 (D.C.Puerto Rico 1951).

Because Plaintiff's allegations are vague and conclusory, he fails to establish a causal connection between Defendants' institution of eviction proceedings and Plaintiff's injuries. Further, since Defendants did not act under color of state law, but as private litigants, Plaintiff has not substantiated a legally cognizable cause of action because he fails to identify legal and factual allegations of harm or damage done. By virtue of Plaintiff's failure to establish a nexus between Defendants' conduct and his purported injuries, Plaintiff's Complaint must be dismissed for failure to state a claim on all counts.

Lacking both diversity or a federal question claim between parties, this Court may not assert pendent jurisdiction over Plaintiff's state common law claims in tort. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Manchester v. Lewis,* 507 F.2d 289 (6th Cir.1974). Accordingly, it is

**ORDERED** that Plaintiff's Motion for Judgment of Default (Dkt. 5) be **denied;** that Plaintiff's Motion for Summary Judgment (Dkt. 9) be **denied;** and further **ORDERED,** that Defendants' Motion to Dismiss (Dkt. 18) be **granted** as to all counts of Plaintiff's Complaint for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. Unless Plaintiff files an Amended Complaint within ten days, the Clerk shall at that time enter a final judgment of dismissal.

**DONE** and **ORDERED.**