**Betty HASKIN, Plaintiff,**

v.

**R.J. REYNOLDS TOBACCO COMPANY, a foreign corporation, et al., Defendants.**

**No. 97–445–CIV–ORL–18B.**

United States District Court, M.D. Florida, Orlando Division.

Feb. 26, 1998.

---

William Glenn Mayfield, Ledford, Mayfield & Ogle, Ormond Beach, FL, for Betty Haskin, plaintiff.

John Karl Aurell, Kenneth R. Hart, Ausley & McMullen, Tallahassee, FL, James R. Johnson, Jones, Day, Reavis & Pogue, Atlanta, GA, James E. Young, Jones, Day, Reavis & Pogue, Cleveland, OH, for R.J. Reynolds Tobacco Co., a foreign corporation, defendant.

Joseph W. Prichard, Jr., Robert B. Parrish, Moseley, Warren, Prichard & Parrish, Jacksonville, FL, Thomas E. Riley, Steven L. Vollins, Chadbourne & Parke, New York, NY, for Brown & Williamson Tobacco Corporation, as successor by merger to The American Tobacco Company, a foreign corporation, defendant.

A. Broaddus Livingston, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, Daniel C. Johnson, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, FL, for Philip Morris Incorporated, a foreign corporation, defendant.

Robert A. Lazenby, High, Stack, Lazenby, Palahach & del Amo, Coral Gables, FL, F. Wallace Pope, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Albertson's Incorporated, a Florida corporation, defendant.

## ORDER

G. KENDALL SHARP, District Judge.

In this action, which was removed from state court, plaintiff Betty Haskin (Haskin) is suing three cigarette manufacturers, two cigarette lobbying groups, and one cigarette retailer for a host of bodily injuries she allegedly suffered due to her use of cigarettes. She states her claims in a six-count amended complaint. The three cigarette-manufacturer defendants have jointly moved to dismiss Counts V and VI of that amended complaint which purportedly state claims for fraud and conspiracy to commit fraud, respectively. That motion is presently before the court, along with Haskin's response in opposition thereto. After setting forth the legal standard against which defendants' motion will be tested, the court will address defendants' substantive arguments and Haskin's opposition.

When evaluating a motion to dismiss, the court accepts allegations in the complaint as true and otherwise views the allegations in the light most favorable to the plaintiff. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir.1992) (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir.1983)). However, the court is not permitted to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983). Accordingly, every plaintiff has a duty to allege sufficient facts and legal grounds to affirmatively show that she is entitled to relief. *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir.1984); *accord Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974); *Eidson v. Arenas*, 155 F.R.D. 215, 219 (M.D.Fla.1994). Applying these rules, the court may dismiss a claim for failure to state a claim upon which relief can be granted only if the defendant demonstrates that the plaintiff can prove no set of facts which would entitle him to relief under the applicable substantive law. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *accord Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

### A. Cigarette–Manufacturer Defendants' Motion

■ The cigarette-manufacturer defendants contend that Count V of Haskin's amended complaint, alleging fraud, should be dismissed for, *inter alia*, failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure. To adequately plead a claim for fraud under Florida law, a plaintiff must allege: (1) that there was a false statement concerning a specific material fact; (2) that the representor knew, or should have known, that the representation was false; (3) an intention that the representation induce another to act on it; and (4) a consequent injury to the party acting in justifiable reliance on the representation. *Kingston Square Tenants Ass'n v. Tuskegee Gardens Ltd.*, 792 F.Supp. 1566, 1576 (S.D.Fla.1992) (citing *Joiner v. McCullers*, 158 Fla. 562, 28 So.2d 823, 824 (1947)); *accord Dancey Co. v. Borg–Warner Corp.*, 799 F.2d 717, 719 (11th Cir.1986).

Rule 9(b) of the Federal Rules of Civil Procedure adds the requirement that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b) (West 1997). In our circuit, this rule may be satisfied by setting forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir.1997) (citations omitted). The spirit of Rule 9(b) aims to keep intact the concept of notice pleading, but with greater specificity, so that defendants have the opportunity to adequately answer what would otherwise amount to boundless, amorphous general allegations of "fraud." *Id.* (citing *Durham v. Business Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988)).

■ In keeping with this goal, courts have interpreted Rule 9(b) to require plaintiffs to differentiate their allegations when suing more than one defendant, especially in a case this size, and inform each defendant separately of the allegations surrounding "his alleged participation in the fraud." *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 778 (7th Cir.1994) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987)); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the

alleged fraudulent statements to 'defendants'"). Plaintiff has not satisfied this requirement under Rule 9(b) in the instant case. All references in her amended complaint are to "defendants" generally, which does nothing to apprise the respective defendants of which allegations might not apply to them. Plaintiff certainly sets forth numerous factual allegations in the amended complaint; however, given her failure to differentiate between defendants, that numerosity actually hinders clarity and her ability to provide each defendant with the notice required by Rule 9(b). As such, Count V of Haskin's amended complaint will be dismissed without prejudice.

The court now turns to Count VI of Haskin's amended complaint, which asserts a claim for civil conspiracy. To state a claim for civil conspiracy under Florida law, a plaintiff must allege: (1) an agreement among two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *Florida Fern Growers Ass'n v. Concerned Citizens of Putnam County*, 616 So.2d 562, 565 (Fla.Dist.Ct.App. 1993).

In the case at bar, Haskin alleges the unlawful act to be the fraud she claims in Count V. Inasmuch as Count VI is therefore inextricably linked to Count V, which will be dismissed, the court will dismiss Count VI as well so that Haskin may replead Count VI absent her present allegations that defendants conspired to "recklessly and/or negligently" make fraudulent statements which is not possible. *See Sonnenreich v. Philip Morris, Inc.*, 929 F.Supp. 416, 419 (S.D.Fla. 1996) (noting that conspiracy to commit negligence is a "non sequitur"). The court finds similarly as to allegations of conspiracy to commit recklessness, which is simply a heightened form of negligence and short of an intentional act. Accordingly, Count VI will be dismissed without prejudice.

### Conclusion

In accordance with the foregoing, the court finds that Count V of Haskin's amended complaint fails to comport with the dictates of Rule 9(b) of the Federal Rules of Civil Procedure. Further, the court concludes that Count VI of Haskin's amended complaint should be dismissed so that improper allegations of negligence and recklessness may be omitted from same. Accordingly, the court **GRANTS** defendants' motion to dismiss Counts V and VI of Haskin's amended complaint (Doc. 57) without prejudice.