Andrew GILMORE and Deidre
Booth, Plaintiffs,

v.

DJO INCORPORATED, a Delaware corporation; DJO LLC, a Delaware corporation; McKinley Medical, LLC, a Colorado corporation; Moog, Inc., a New York corporation; Curlin Medical Inc., a Delaware corporation; and AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca Holdings, Inc., Delaware corporations, Defendants.

No. 2:08–CV–1252–HRH.

United States District Court,
D. Arizona.

Oct. 15, 2009.

Perry Lee Goorman, Law Office of Perry L. Goorman, Phoenix, AZ, Elizabeth J. Doepken, Gregory L. Laker, Irwin B. Levin, Jeffrey S. Gibson, Cohen & Malad LLP, Indianapolis, IN, for Plaintiffs.

William W. Drury, Jr., Carol Marie Romano, Tophas Anderson, IV, Renaud Cook Drury Mesaros PA, Robin Elyce Burgess, Winn L. Sammons, Sanders & Parks PC, Dawn L. Dauphine, Kristin Louise Windt-

berg, William J. Maledon, Osborn Maledon PA, Phoenix, AZ, Frederick H. Fern, Harris Beach PLLC, New York, NY, for Defendants.

## ORDER

H. RUSSEL HOLLAND, District Judge.

### Motion to Dismiss

The AstraZeneca defendants move to dismiss plaintiffs' amended complaint.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

### Facts

Plaintiffs are Andrew Gilmore and Deidre Booth. Defendants are DJO Incorporated; DJO LLC; McKinley Medical, LLC; Moog Inc.; Curlin Medical Inc.; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; and Zeneca Holdings, Inc.

Gilmore underwent routine left shoulder surgery on June 15, 2005. Following surgery, his surgeon affixed a pain pump to his shoulder. The pain pump is alleged to have been "designed, manufactured, marketed, and distributed by Defendants DJO, McKinley, Moog, and Curlin."[3] The pain pump "injected local anesthetics directly into Gilmore's shoulder joint on a continuous basis ... following the surgery[,]" and it is alleged that "[t]he specific local anesthetics contained in the pain pump and injected directly into Gilmore's shoulder were manufactured and marketed by the AstraZeneca Defendants."[4] It is further alleged that the continuous injection of the local anesthetic into Gilmore's shoulder joint caused "a narrowing of the joint space ... called 'glenohumeral chondrolysis[.]' "[5] This condition is "permanent, irreversible, disabling, and extremely painful[.]"[6]

Plaintiffs commenced this action on July 7, 2008. Their original complaint asserted negligence, negligent misrepresentation, fraud, strict liability, failure to warn, breach of implied and express warranties, loss of consortium, and violation of the Arizona Consumer Fraud Act claims. The AstraZeneca defendants were not named defendants in the original complaint.

The court entered a case management order on December 17, 2008.[7] The parties had sixty days from that date to join parties or to amend their pleadings.[8] Plaintiffs requested leave to file an amended complaint on February 12, 2009 to add the AstraZeneca defendants as parties.[9] The court granted the motion for leave to amend,[10] and plaintiffs filed an amended complaint.[11] The AstraZeneca defendants moved to dismiss the amended complaint.[12] Plaintiffs then represented that they had inadvertently filed an incorrect draft of the amended complaint.[13] The parties stipulated that plaintiffs could serve and file a corrected version of the amended complaint and that the AstraZeneca defen-

---

1. Docket No. 93.

2. Docket No. 94.

3. Amended Complaint at 4, ¶ 16, Docket No. 83.

4. *Id.* at 5, ¶¶ 16–17.

5. *Id.* at 5, ¶ 18.

6. *Id.*

7. Docket No. 40.

8. *Id.* at 1, ¶ 2.

9. Docket No. 50.

10. Docket No. 58.

11. Docket No. 59.

12. Docket No. 75.

13. *See* Stipulated Motion Regarding Filing of Correct Amended Complaint and Withdrawal of Motion to Dismiss at 2, Docket No. 79.

dants would withdraw their motion to dismiss.[14]

Plaintiffs filed the corrected version of their amended complaint on May 21, 2009.[15] In their amended complaint, plaintiffs assert the following claims against the AstraZeneca defendants: 1) negligence, 2) negligent misrepresentation, 3) fraud, 4) strict products liability, 5) strict products liability—failure to warn, 6) breach of implied warranty, 7) breach of express warranty, 8) loss of consortium, 9) a violation of the Arizona Consumer Fraud Act, and 10) a request for punitive damages.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the AstraZeneca defendants now move to dismiss all of plaintiffs' claims against them.

### Discussion

■ "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). "To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'"" *Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir.2008) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

■ However, "Federal Rule of Civil Procedure 9(b) requires that fraud be pled with particularity." *Odom v. Microsoft Corp.,* 486 F.3d 541, 553 (9th Cir.2007). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir.2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.,* 995 F.Supp. 1437, 1439 (M.D.Fla.1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir.1989)).

■ The AstraZeneca defendants first argue that plaintiffs' amended complaint against them must be dismissed because plaintiffs have failed to differentiate their allegations as to each defendant. As set forth above, the requirement to differentiate allegations as to each defendant applies only to fraud claims, which must be pleaded with particularity.[16] In their re-

---

**14.** *Id.*

**15.** Docket No. 83.

**16.** The AstraZeneca defendants suggest that negligent misrepresentation claims must also be pleaded with particularity. Although

sponse, plaintiffs state that they are not asserting a fraud claim against the AstraZeneca defendants nor are they asserting a claim based on a violation of the Arizona Consumer Fraud Act.[17] Plaintiffs contend that anyone reading the amended complaint would be able to tell this because they only used the term "pain pump" in these counts.

■ It is not clear to the court from reading plaintiffs' amended complaint which claims are asserted against which defendants. Almost every allegation in the amended complaint is directed generally to all "defendants." Plaintiffs' use of "pain pump" versus "products" is insufficient to give a defendant notice as to which fraud claims or allegations are directed toward it. To the extent that plaintiffs' amended complaint alleges fraud claims against the AstraZeneca defendants, those claims are dismissed for failure to comply with Rule 9(b).

■ As for the non-fraud claims that plaintiffs have asserted against the AstraZeneca defendants, those claims must also be dismissed because plaintiffs have failed to comply with Rule 8. Plaintiffs' allegations as to the AstraZeneca defendants are conclusory and lack factual content. In amending their complaint, plaintiffs appear to have simply replaced the term "pain pump" with the word "products." For example, paragraph 17 in the original complaint alleged:

At all times during which Defendants tested, produced, manufactured, sold, distributed, marketed, processed, promoted, and supplied *pain pumps,* Defen-

dants knowingly, intentionally, willfully, and purposefully deceived Gilmore's orthopedic surgeon by making false and fraudulent misrepresentations to physicians and the general public including, but not limited to, concealing from Gilmore's orthopedic surgeons, and the general public the true facts known by Defendants concerning the safety and efficacy of *pain pumps* following shoulder surgery. [18]

The corresponding paragraph in the amended complaint is paragraph 20, which alleges:

At all times during which Defendants tested, produced, manufactured, sold, distributed, marketed, processed, promoted, and supplied *their products,* Defendants knowingly, intentionally, willfully, and purposefully deceived Gilmore's orthopedic surgeon by making false and fraudulent misrepresentations to physicians and the general public including, but not limited to, concealing from Gilmore's orthopedic surgeons, and the general public the true facts known by Defendants concerning the safety and efficacy of *pain pumps* following shoulder surgery. [19]

These kinds of general allegations provide no factual basis for plaintiffs' claims against the AstraZeneca defendants. Nowhere in the amended complaint do plaintiffs state what specific misrepresentations were allegedly made by AstraZeneca or what information AstraZeneca allegedly knew about the risks of its product. As the AstraZeneca defendants point out,

---

"[t]he requirements of Rule 9(b) apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud[,]" *Adams v. NVR Homes, Inc.,* 193 F.R.D. 243, 250 (D.Md.2000), the gravamen of plaintiffs' negligent misrepresentation claim is not fraud.

17. Plaintiffs' Opposition to AstraZeneca's Motion to Dismiss Plaintiffs' Amended Complaint at 7, Docket No. 94.

18. Complaint at 4, ¶ 17, Docket No. 1 (emphasis added).

19. Amended Complaint at 5, ¶ 20, Docket No. 83 (emphasis added).

there are only two paragraphs in the amended complaint that even mention them specifically. One is paragraph 7, which contains allegations about AstraZeneca's corporate offices and mentions two specific anesthetic drugs made by the AstraZeneca defendants, ropivicaine and bupivicaine, neither of which is purported to have been used by Gilmore. The other is paragraph 17, which contains the allegation that "[t]he specific local anesthetics contained in the pain pump and injected directly into Gilmore's shoulder were manufactured and marketed by the AstraZeneca Defendants."[20] But the amended complaint is otherwise devoid of any factual content that would allow the court to infer that the AstraZeneca defendants are liable for the misconduct alleged.

Plaintiffs' arguments to the contrary are unavailing. Plaintiffs insist that they have pleaded the factual basis for their claims against the AstraZeneca defendants. For instance, plaintiffs contend that they have set forth the conduct which led to the AstraZeneca defendants' liability in paragraphs 22–23. Paragraph 22 alleges:

> At all times relevant to this action, the Defendants knew that their representations were false and inaccurate. These facts and information were known to the Defendants, who intentionally withheld and concealed this information from the Plaintiff, Andrew Gilmore, his physicians and other consumers who purchased the products manufactured and marketed by the Defendants. [21]

Paragraph 23 alleges:

> At all times during which the Defendants misrepresented material facts to and intentionally concealed from Plaintiff, Andrew Gilmore, his physicians and other consumers of Defendants' product, Defendants knew that the representations were false and inaccurate. Defendants made misrepresentations with the intent to deceive and to induce the public, the Plaintiff herein, and his physicians to prescribe and use the products sold by Defendants. Defendants intended that Gilmore and his physicians would rely on these representations and, in fact, they did so. [22]

But these paragraphs suffer from the same problem as paragraph 20, which was quoted above. Paragraphs 22 and 23 contain only conclusory statements that "defendants" knowingly made material misrepresentations. There are no factual allegations, in these paragraphs, as to what misstatements were made by the AstraZeneca defendants, who at AstraZeneca made such statements, to whom statements were made and when, and why plaintiffs believe any misstatements were made knowingly. Plaintiffs insist that they have described the false and intentional misrepresentations made to plaintiffs and/or plaintiffs' physicians by the AstraZeneca defendants in paragraphs 40–42. In these paragraphs, plaintiffs allege that defendants represented to Gilmore and/or his physicians that "their products were safe, effective, and would not harm or adversely affect Plaintiff's health" and that defendants knew these representations were false.[23] But like so many of plaintiffs' allegations, these are conclusory allegations that lack the requisite factual information to suggest that plaintiffs' claims are facially plausible. Plaintiffs' amended complaint is little more than blanket recitations of legal conclusions, which is not sufficient under the *Twombly/Iqbal* standard.

---

**20.** *Id.* at 5, ¶ 17.

**21.** Amended Complaint at 6, ¶ 22, Docket No. 83.

**22.** *Id.* at ¶ 23.

**23.** Amended Complaint at 9, ¶¶ 40–42, Docket No. 83.

Plaintiffs' contention that the AstraZeneca defendants have not complained about similar complaints in other pain pump suits that have been filed against them cannot save the amended complaint. Plaintiffs' failure to adequately plead claims in other cases does not justify proceeding on deficient pleadings in this case.

Plaintiffs also make much of the fact that they have purportedly supplied the AstraZeneca defendants with a courtesy copy of Gilmore's medical records which show that Sensorcaine 0.5% was the local anesthetic administered through Gilmore's pain pump. Sensorcaine is apparently an AstraZeneca product. Plaintiffs have submitted an email exchange which they contend shows that they told the AstraZeneca defendants which of their medications had been used in Gilmore's pain pump. The court has not considered this exhibit because even if the AstraZeneca defendants knew which medication had been used that would not mean that plaintiffs' claims were adequately pleaded. In their amended complaint, plaintiffs have done little more than allege that the AstraZeneca defendants caused them harm, and under *Twombly* and *Iqbal*, that is not sufficient to withstand a motion to dismiss. Plaintiffs' non-fraud claims against the AstraZeneca defendants are dismissed.

■■■■ "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. U.S.,* 58 F.3d 494, 497 (9th Cir.1995)). However, "when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "'particularly broad.'"" *Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir.2002) (quoting *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 879 (9th Cir.1999)). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.* The court may also consider whether an amendment would be futile, and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

■■■■ The AstraZeneca defendants argue that plaintiffs should not be given leave to amend. The AstraZeneca defendants argue that plaintiffs had their chance to amend their complaint to add claims against AstraZeneca, they failed to adequately plead such claims, and they should not be given another chance.

This is not a case where the plaintiffs have had their claims dismissed once for failure to adequately plead them and then have failed to adequately plead them a second time. Rather, the first leave to amend was granted solely to allow plaintiffs to add parties. The sufficiency of their claims against the AstraZeneca defendants has not previously been considered.

The AstraZeneca defendants also seem to be suggesting that allowing plaintiffs to amend would cause undue delay because discovery deadlines are fast approaching. However, the court recently signed an order vacating all the existing deadlines and providing for the entry of a new scheduling order after the instant motion to dismiss is resolved.[24]

Finally, the AstraZeneca defendants suggest that it would be futile for plaintiffs to amend because their claims may be

---

**24.** Docket No. 102.

barred by the statute of limitations. The statute of limitations issue has not been developed by the parties, and the court cannot determine from what is currently before it whether plaintiffs' claims would be barred by the statute of limitations. Plaintiffs are given leave to amend, despite the fact that they did not expressly request such leave.

### Conclusion

The AstraZeneca defendants' motion to dismiss[25] is granted. Plaintiffs' claims against them are dismissed without prejudice. Plaintiffs are given leave to amend their complaint against the AstraZeneca defendants. Should plaintiffs choose to file a second amended complaint, they shall do so on or before November 5, 2009.