# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARLON LORENZO BROWN,
Appellant,
vs.
MIKE SLYMAN, AN INDIVIDUAL;
EASY BAIL, LLC, A NEVADA LIMITED
LIABILITY COMPANY; AND
AMERICAN SURETY COMPANY,
Respondents.

No. 79971

**FILED**

DEC 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER REVERSING AND REMANDING*

This is a pro se appeal from a district court order dismissing a complaint.[1] Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant contends that the district court erred by dismissing his complaint. Because appellant's complaint alleged fraud, it was subject to a heightened pleading requirement despite his pro se status. *See* NRCP 9(b) (requiring fraud claims to "state with particularity the circumstances constituting fraud"); *Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 659, 428 P.3d 255, 258-59 (2018) ("[I]n general, the rules of civil procedure 'cannot be applied differently merely because a party not learned in the law

---

[1]The notice of appeal also designates a minute order denying a motion for reconsideration and for leave to amend. Aside from there being no written order resolving that motion, any such order would not be appealable. *See* NRAP 3A(b) (listing orders and judgments in a civil action that are appealable); *Alvis v. State, Gaming Control Bd.*, 99 Nev. 184, 186, 660 P.2d 980, 981 (1983) (holding that an order denying rehearing is not appealable); *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that the district court's minute order is ineffective and cannot be appealed).

20-46313

is acting pro se.'" (quoting *Bonnell v. Lawrence*, 128 Nev. 394, 404, 282 P.3d 712, 718 (2012))); *Rocker v. KPMG LLP*, 122 Nev. 1185, 1192, 148 P.3d 703, 708 (2006) (noting that there are no exceptions to NRCP 9(b)'s heightened pleading requirement), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008).

Appellant failed to meet this heightened standard. While the complaint alleged general wrongdoing and a broad timeframe, it lacked sufficient specificity. For example, it failed to allege any specific dates or times; any representations that respondent Easy Bail, LLC, made that appellant relied upon to his detriment; or that respondent Mike Slyman knew about the allegedly fraudulent transactions leading up to his ownership of the vehicle at issue. *See Rocker*, 122 Nev. at 1192, 148 P.3d at 708 (describing the specificity required under NRCP 9 for actions alleging fraud); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (discussing the federal counterpart to NRCP 9(b) and stating that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud'" (alterations in original) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998))).

Nevertheless, the district court erred by dismissing appellant's complaint, as a plaintiff's failure "to comply with NRCP 9(b) . . . only subjects the complaint to a motion for a more definite statement, or at the

very worst to dismissal with leave to amend."[2] *Britz v. Consol. Casinos Corp.*, 87 Nev. 441, 447, 488 P.2d 911, 916 (1971). Because the district court failed to grant either in this case, we

ORDER the judgment of the district court REVERSED and REMANDED for further proceedings consistent with this order.

_____ , J.
Parraguirre

_____ , J.
Hardesty

_____ , J.
Cadish

cc: Hon. Susan Johnson, District Judge
Marlon Lorenzo Brown
Pitaro & Fumo, Chtd.
Eighth District Court Clerk

_____

[2]Respondents failed to file an answering brief after being directed to do so, *see* NRAP 46A(c), such that they confessed error on this issue. *See* NRAP 31(d)(2).